921 So.2d 762 (2006)
James JONES and Catherine M. Jones, Appellants,
v.
William R. MULDROW, Lottie M. Muldrow, Marcia Sanders and Philip Sanders, Appellees.
No. 1D05-3128.
District Court of Appeal of Florida, First District.
February 22, 2006.
Rufus O. Jefferson, Esquire, Tallahassee, for Appellants.
Robert Woolfork, Esquire, The Woolfork Law Firm, Tallahassee, for Appellees.
PER CURIAM.
Appellants appeal a final judgment from the trial court entered after a bench trial on appellants' quiet title action. The final judgment provided that appellants James and Catherine M. Jones failed to establish their quiet title claim by the preponderance of the evidence. The final judgment also provided that the disputed boundary was established by appellees William R. and Lottie M. Muldrow's 1995 survey based on a theory of boundary by acquiescence.[1] We affirm, without further comment, the trial court's ruling on the quiet title claim. However, we reverse the trial *763 court's ruling establishing the boundary by acquiescence.
We agree with appellants that the trial court failed to make factual findings establishing that the boundary was uncertain or in dispute, or that the 1995 survey established a boundary location acquiesced to for the prescriptive period. See Sembler Marine Partners, Ltd. v. Skidmore, 842 So.2d 1003, 1005 (Fla. 4th DCA 2003) (providing that the elements of boundary by acquiescence are: "(1) uncertainty or dispute as to the location of the true boundary; (2) location of a boundary line by the parties; and (3) acquiescence in the location for the prescriptive period"). Therefore, we reverse in part and remand for the trial court to make findings of fact to support the boundary by acquiescence ruling establishing the boundary by the Muldrows' 1995 survey, or otherwise address the counterclaim for unjust enrichment in further proceedings, including evidentiary hearings as may be needed. See Carroll v. Fordham, 781 So.2d 1156 (Fla. 1st DCA 2001) (reversing and remanding a final judgment for the trial court to make the appropriate, additional findings of fact and conclusions of law consistent with the law of boundary by acquiescence).[2]
AFFIRMED in part, REVERSED in part and REMANDED with directions.
WEBSTER, BROWNING and POLSTON, JJ., concur.
NOTES
[1] Appellees, defendants below, brought a counterclaim alleging unjust enrichment. Because the trial court determined that the boundary was consistent with the appellees' position, their counterclaim was mooted.
[2] Appellants also argue that the boundary by acquiescence claim was neither pled nor tried by the parties. Because the record does not include a transcript of the trial, we cannot determine whether the issue was tried by consent, or whether appellees moved at trial to amend the pleadings to conform to the evidence. See Fla. R. Civ. P. 1.190(b). Because we reverse the trial court's ruling on this issue on other reasons, we do not reach this argument. Appellants are free to reassert this argument in a subsequent appeal, provided that a transcript of the trial is included in the record.