964 So.2d 719 (2007)
Kevin JOHNSON, Appellant,
v.
Candance L. YOUNG, Appellee.
No. 3D06-2628.
District Court of Appeal of Florida, Third District.
July 11, 2007.
Rehearing and Rehearing Denied October 8, 2007.
*720 Miguel F. Parladé, for appellant.
Jorge E. Otero & Associates and Jorge E. Otero, Miami, for appellee.
Before FLETCHER, SUAREZ, and CORTIÑAS, JJ.
Rehearing and Rehearing En Banc Denied October 8, 2007.
SUAREZ, J.
Kevin Johnson ("Johnson") appeals a final order dismissing with prejudice an action to quiet title for eviction on grounds of res judicata. We affirm.
This factually tortured case arises first as an eviction filed by Hampton Property Management in county court. Hampton had served a three-day notice dated December 20, 2005, on Candance Young stating that it was the property manager for the owner of the premises in question, Kevin Johnson, and demanding possession of the premises from Young. Hampton, then alleging that it was the owner of the property, filed a Complaint for Eviction against Young in county court on February 8, 2006. Attached to the complaint was the eviction notice stating that Johnson owned the property and the lease between lessor Hampton Property and lessee Young. Young filed an answer and affirmative defense stating that the issue was which party, Johnson or Young, owned the property. Young attached to her answer an Affidavit of Interest which she had recorded on November 17, 2005, stating that she was the owner of the property. She also attached an unrecorded quitclaim deed dated June 1, 2005, transferring the property from Johnson to Young. Young moved to dismiss the complaint or, in the alternative, to transfer to circuit court. The court dismissed the complaint. Hampton then filed an Emergency Motion for Reconsideration which was denied.
Johnson then filed the present action in circuit court to quiet title under section 65.061, Florida Statutes (2006), and for eviction. Johnson alleged that, in December *721 2004, he entered into an agreement with Young to purchase the property from her. He alleged that she was to enter into a lease with Hampton Property to rent the property and at the end of the year she would re-finance the property and repurchase it from him at the then market value. He alleged that, "as an incentive," he executed the quitclaim deed to Young. Young moved to dismiss the circuit court complaint on the grounds of issue preclusion. The trial court heard oral argument, reviewed the file and dismissed the complaint with prejudice on the grounds of res judicata. We affirm.
On appeal, Johnson contends that the trial court erred in dismissing the complaint because there was no prior adjudication on the merits and that the doctrine of preclusion does not apply. Young relies on the doctrine of res judicata.
The doctrine of res judicata bars re-litigation of a cause of action for claims that were raised and could have been raised in a prior action. The elements under the doctrine are: (1) identity of the things sued for; (2) identity of the cause of action; (3) identity of the parties and (4) identity of the quality in the person for or against whom the claims are made. See Gomez-Ortega v. Dorten, Inc., 670 So.2d 1107 (Fla. 3d DCA 1996). Young alleges that Hampton and Johnson are in privity with each other and that the identities of the parties and causes of action are the same both in the county court action and in the circuit court action.
From the record, it is clear that there was a prior adjudication by the county court on the merits of ownership of the property. The county court dismissed the action based on record evidence in support of Young's claim that she owned the property, which included a quitclaim deed from Johnson to her and a copy of paid property taxes and insurance on the property, both naming her as the owner and relevant to the issue of who owned the property and who was entitled to possession. The causes of action were identical in both courts although titled differently. The cause of action in the circuit court was identical to that in the county court because, although the county action was titled "eviction," and the circuit court action was titled "eviction and action to quiet title," both involved the possession of and the title to the property. Both the eviction and the suit to quiet title involved the allegation that Young owed money to Johnson and that Johnson was therefore entitled to possession. The parties were the same in both actions because, admittedly, Johnson originally owned the property and Hampton Property Management was his company. The identity of the things sued for, title and possession of the property, was the same as raised in the pleadings. As Johnson was given a full and fair opportunity to litigate these issues in the county court proceeding, the trial court was correct in dismissing the circuit court action with prejudice based on res judicata.
Affirmed.