972 So.2d 1064 (2008)
Oza B. JENKINS, Appellant,
v.
LENNAR CORPORATION and Duane Morris & Heckscher, Appellees.
No. 3D07-1858.
District Court of Appeal of Florida, Third District.
January 23, 2008.
*1065 Oza B. Jenkins, in proper person.
Kirkpatrick & Lockhart Preston Gates Ellis, LLP, and William P. McCaughan and Melissa D. Sanchez, Miami; Duane Morris and Harvey W. Gurland, Jr. and Warren D. Zaffuto, Miami, for appellees.
Before WELLS, ROTHENBERG, and SALTER, JJ.
ROTHENBERG, Judge.
The plaintiff, Oza B. Jenkins ("Jenkins"), appeals from a final order granting summary judgment in favor of the defendants, Lennar Corporation ("Lennar") and Duane Morris & Heckscher (collectively, "the defendants"). We affirm the judgment of the trial court in all respects.
The instant case represents Jenkins' third attempt to re-litigate a final judgment of foreclosure entered against her in a December 2000 lawsuit brought by Universal American Mortgage Company ("Universal"), a subsidiary of Lennar. In 2002, this Court affirmed that final judgment of foreclosure. Jenkins v. Universal Am. Mortgage Co., 807 So.2d 146 (Fla. 3d DCA 2002). Jenkins pursued her appeal to the Florida Supreme Court, and shortly thereafter, to the United States Supreme Court, but was denied certiorari on both occasions.
In 2004, Jenkins sued Universal and a host of other entities in state court, raising allegations based upon the original foreclosure action. The trial court dismissed the complaint with prejudice and Jenkins did not appeal. In 2005, Jenkins brought a federal lawsuit against the defendants based upon the same issues involved in the previous actions. The district court granted the defendants' motion for summary judgment on res judicata grounds, and Jenkins appealed. The Eleventh Circuit remanded, instructing the district court to dismiss Jenkins' complaint for lack of jurisdiction. The district court proceeded as instructed, and Jenkins' subsequent appeal was dismissed.
In March 2007, Jenkins returned to state court to pursue allegations against the same defendants based upon the same operative facts involved in each of the previous actions. The trial court granted the defendants' motion for summary judgment and determined that the instant lawsuit and the two preceding lawsuits, in 2004 and 2005, amounted to vexatious litigation. On September 4, 2007, the trial court issued a final summary judgment in favor of the defendants, and this appeal followed.
The defendants contend that the trial court's final summary judgment should be affirmed because res judicata bars Jenkins' arguments. We agree.
The doctrine of res judicata bars relitigation of a cause of action for claims that were raised and could have been raised in a prior action. The elements under the doctrine are: (1) identity of the things sued for; (2) identity of the cause of action; (3) identity of the parties and (4) identity of the quality in the person for or against whom the claims are made.
Johnson v. Young, 964 So.2d 719, 721 (Fla. 3d DCA 2007); see also Topps v. State, 865 So.2d 1253, 1255 (Fla.2004) (holding that application of res judicata requires that a prior adjudication include a ruling on the merits). The record clearly indicates that Jenkins' present allegationsthat she was improperly evicted, that Lennar filed a fraudulent IRS form 1099, and that the clerk of the court made an erroneous docket entryeither were raised and decided on the merits, or could have been raised, in one of the four previous actions.
For res judicata purposes, identity of the thing sued for and identity of the cause of action are present because the relief requested and the theories of action *1066 in each of Jenkins' lawsuits are indistinguishable. Because Universal is a subsidiary of Lennar, they are privies, and thus, the parties to each of the previous lawsuits are identical. See Engle v. Liggett Group, Inc., 945 So.2d 1246, 1259 (Fla.2006) (holding that judgments on the merits in former proceedings are binding on the original parties as well as their privies). Finally, because the defendants were sued in the same capacity vis-à-vis Jenkins in each of the lawsuits, identity of the quality of the person against whom the complaint was made clearly exists.
Accordingly, the trial court was correct in entering summary judgment in favor of the defendants. In addition, we specifically reaffirm the trial court's directive that Jenkins shall refrain from filing any further action stemming from the original foreclosure judgment without first obtaining approval from the trial court.
Affirmed.