994 So.2d 1253 (2008)
Oza B. JENKINS, Appellant,
v.
MOTOROLA, INC. and Cingular Wireless LLC, Appellees.
No. 3D08-1993.
District Court of Appeal of Florida, Third District.
November 26, 2008.
Oza B. Jenkins, in proper person.
Shook, Hardy & Bacon and John M. Barkett, and Daniel B. Rogers, Miami, for appellees.
Before SUAREZ, CORTIÑAS, and LAGOA, JJ.
SUAREZ, J.
The plaintiff, Oza B. Jenkins ("Jenkins"), appeals the trial court's final order denying the plaintiff's motion for entry of final judgment against defendants, Motorola, Inc. ("Motorola") and Cingular Wireless LLC ("Cingular"). We affirm the trial court's order in all respects.
Jenkins filed her complaint against Motorola and Cingular in January 2004. The case was removed to federal court and then remanded. Since that time, three circuit court judges have handled this matter. Two were subjects of motions to disqualify filed by Jenkins after entering orders denying her motions. On November 2, 2006, the trial court entered a final order dismissing her claims with prejudice. That order was affirmed by this Court, and Jenkins' petition for discretionary review was denied by the Florida Supreme Court. Unfortunately, this case did not end at that time. Since then, Jenkins has *1254 filed numerous motions with the trial court requesting a final default judgment. Each motion has been denied because a default was never entered in this action. The trial court has continually reminded Jenkins that there is no action pending as her case was dismissed. In all, this case has been the subject of at least five appeals to this Court, two petitions for writ of certiorari, and two petitions for discretionary review to the Florida Supreme Court. The trial court's order presently under appeal once again informs Jenkins that her case ended in 2006, and her motion for a default final judgment is denied.
This Court is in full agreement and affirms in every way the order entered by the trial court on June 24, 2008. Additionally, we agree with the trial court's finding that these repetitive motions amount to vexatious litigation, and we reaffirm the trial court's directive that Jenkins file no further motions in this action without the prior approval of the trial court.[1]
Affirmed.
NOTES
[1] This is not the first time in which a trial court has found that Jenkins' repetitive motions amounted to vexatious litigation and has directed her to refrain from filing further motions without the approval of the trial court. See Jenkins v. Lennar Corp., 972 So.2d 1064, 1066 (Fla. 3d DCA), review denied, 988 So.2d 622 (Fla.2008).