WETHERELL, J.
This is the fifth time that the dispute between these same parties over the ownership of the same parcel of land has been before this court, including a prior appeal and three original writ proceedings.[1] In the prior appeal, Jones v. Muldrow, 921 So.2d 762 (Fla. 1st DCA 2006), we affirmed the final judgment in favor of the Mul-drows in a quiet title action filed by the Joneses concerning a disputed strip of land allegedly lying between the parties’ property, and remanded the case for additional fact-finding on the boundary-by-acquiescence defense raised by the Muldrows. In this appeal, the Muldrows[2] seek review of the final summary judgment in favor of the Joneses on their subsequent complaint for ejectment and trespass of title. We reverse for the reasons that follow.
The Joneses own a 12.497-acre parcel of land in unincorporated Leon County. The Muldrows own a 7.95-acre parcel immediately to the south of the Joneses land. In 1995, the Muldrows surveyed their property and subdivided it into six lots. They conveyed one of the lots to the Sanders.
The Muldrows previously owned the parcel now owned by the Joneses. The Muldrows purchased the parcel from the Joneses’ predecessor-in-title, the Shaws, in 1979. However, the Muldrows transferred the parcel back to the Shaws in 1981 pursuant to a final judgment of cancellation and rescission. The Joneses thereafter acquired the parcel from the Shaws in 1982.
The Joneses contend that the Muldrows failed to deed the entire 12.497-acre parcel back to the Shaws in 1981 as required. The part allegedly withheld was a 90- to 100-foot wide strip of land between the parties’ properties. The Joneses argue that, in creating the subdivision, the Mul-drows wrongfully encroached on this strip of land that properly belonged to the Joneses.
The dispute between the parties appears to stem from the fact that the “root of title”[3] deed for the Joneses’ parcel described the parcel in chains[4] and alternatively in feet based upon a 1973 survey. Although the deed explains that these descriptions are intended to refer to the same parcel of land, the Joneses contend *700 that the 1981 deed from the Muldrows to the Shaws did not transfer the entire parcel because it only described the parcel in feet. The 1982 deed from the Shaws to the Joneses also described the parcel only in feet, but the Shaws later issued a quit claim deed to the Joneses which included the description in chains.
The dispute is further aggravated by the fact that the deed for the Muldrows’ parcel describes the land using only chains. The parcel was professionally surveyed in 1995 using the chains description, and the survey shows the northern boundary of the Muldrows’ property abutting the southern boundary of the Joneses’ parcel, as surveyed in 1973, with no overlap. The 1995 survey provided a description in feet for Muldrows’ property, which does not exactly correspond to the chains description but does correspond to the acreage stated in the Muldrows’ deed. The survey was recorded when Muldrows subdivided their property.
The trial court accepted the Joneses’ argument, finding that “[w]hether by mistake, inadvertence, artifice, or legerdemain, the deed re-conveying the property to the Shaws contained a property description which failed to convey the entire 12.497 acres to the Shaws” and that the Muldrows’ subsequent conveyance of the subdivided lots containing the improperly retained portions of the Joneses’ parcel was “not legally effective.” The trial court rejected the Muldrows’ affirmative defense that the Joneses’ claims were barred by res judicata, stating that although the parties in this case were the same as the parties in the prior litigation, “the same legal issues were not decided.” The trial court granted the Joneses’ motion for summary judgment and entered judgment against the Muldrows.
We review the trial court’s grant of summary judgment de novo. Volusia County v. Aberdeen, 760 So.2d 126, 130 (Fla.2000). We conclude that the trial court erred in granting summary judgment in favor of the Joneses; the trial court should have entered judgment in favor of the Mul-drows.
First, the trial court erred in concluding that the 1981 deed from the Mul-drows to the Shaws conveyed something less than the entire 12.497-acre parcel that is now owned by the Joneses. The property was described in the 1981 deed by the same feet description that was contained in the 1979 deed through which the Mul-drows obtained title from the Shaws. The fact that the 1981 deed did not also include the chains description that was in the 1973 deed is immaterial because it is undisputed that the chains description and the feet description were describing the same parcel of land.
Second, the trial court erred in concluding that the Muldrows conveyed or subdivided any portion of the Joneses’ parcel. The undisputed evidence of record shows that the Muldrows’ parcel does not overlap any portion of the Joneses’ parcel because the northern boundary of the Mul-drows’ property, as surveyed in 1995, abuts the southern boundary of the Joneses’ property, as surveyed in 1973.
Third, the trial court erred in determining that the Joneses’ claims were not barred based upon the prior litigation between the parties. The two actions involved the same parties and the same issue. Both cases involved the possession and ownership of the same disputed strip of land.
In the prior case, the parties fully litigated the issue as to whether the Mul-drows’ parcel, as depicted in the 1995 survey, encroached into the Joneses’ parcel. The trial court in that case made detailed findings based upon a review of the deeds, *701 the surveys, and a view of the property where the court walked the parcels with the parties and observed the markers from the 1973 survey. The trial court ultimately found that “the Muldrow’s 1995 survey is accurate and valid so that its recordation does not amount to a cloud on the Joneses title.” We affirmed that finding on appeal. Jones, 921 So.2d at 762.
In the present case, the Joneses claimed that the Muldrows trespassed, wrongfully occupied, and wrongfully claimed title to a portion of the Joneses’ parcel. These claims were premised on the same material allegations that the quiet title action was based, namely that the Muldrows improperly retained a portion of what is now the Joneses’ parcel in 1981 when they transferred the parcel back to the Shaws. The trial court in the prior action determined the claim of title to the disputed strip of land, and concluded that the Joneses were not the legal title owners of the disputed property. This court affirmed that ruling, which is conclusive as to the issue raised in this case and thus precludes the Joneses from seeking possession of the property under right of title in this case. See Johnson v. Young, 964 So.2d 719, 721 (Fla. 3d DCA 2007).
For these reasons, we reverse the final summary judgment in favor of the Joneses and remand for entry of judgment in favor of the Muldrows.
REVERSED and REMANDED with directions.
HAWKES, C.J., and ROWE, J., concur.

. Muldrow v. Jones, 995 So.2d 958 (Fla. 1st DCA 2008) (table); Jones v. Muldrow, 921 So.2d 762 (Fla. 1st DCA 2006); Muldrow v. Jones, 866 So.2d 1215 (Fla. 1st DCA 2004) (table); Muldrow v. Jones, 865 So.2d 486 (Fla. 1st DCA 2004) (table).

. The notice of appeal in this case was filed on behalf of Mr. and Mrs. Muldrow, Mr. and Mrs. Sanders, and Victoria Park Flomeowners Association, Inc. The Joneses filed a motion to dismiss Mr. Muldrow's appeal as untimely because, unlike the other appellants, he did not seek rehearing of the order on appeal. We granted the motion and dismissed Mr. Muldrow’s appeal in an unpublished order. However, for ease of reference, we will continue to refer to the appellants collectively as "the Muldrows.”

. The Marketable Record Titles Act declares that a person has a marketable record title when the public records disclose a "root of title” transaction, which is a transaction that has been recorded for at least 30 years. §§ 712.01(2), 712.02, Fla. Stat.

. In older deeds, distances were measured in chains with links of a known length, such as a Gunter's Chain. The Gunter’s Chain was designed and introduced in the early 1600's by English clergyman and mathematician Edmund Gunter to enable plots of land to be accurately surveyed and plotted. One chain equals 66 feet.