[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 1, 2012
JOHN LEY
CLERK

No. 11-10553
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cv-02628-JDW-TBM

EMMANUEL EBEH,

Plaintiff-Appellant,

versus

ST. PAUL TRAVELERS,
CHARTER OAK FIRE INSURANCE COMPANY,
PAT REDMOND,
JOHN MIKOS,
Dr.,
LAKESIDE OCCUPATIONAL MEDICAL CENTER, P.A.,

Defendants-Appellees,

METRO STORAGE, LLC, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 1, 2012)

Before CARNES, PRYOR, and KRAVITCH, Circuit Judges.

PER CURIAM:

Emmanuel Ebeh, an African American male proceeding pro se, filed a lawsuit in federal district court against Lakeside Occupational Medical Centers, P.A., alleging negligent misrepresentation, intentional infliction of emotional distress, violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq., and race discrimination under 42 U.S.C. § 1981. The district court dismissed Ebeh's complaint after concluding that res judicata bars all of his claims. This is Ebeh's appeal.

I.

Ebeh filed a complaint in Florida state court alleging that Lakeside mistreated him when he sought medical treatment for work-related injuries. The complaint asserted various state law claims, including negligent misrepresentation and intentional infliction of emotional distress, and a race discrimination claim under 42 U.S.C. § 1981. Lakeside moved to dismiss the complaint because Ebeh failed to comply with Florida's pre-suit requirements for medical malpractice actions. The Florida court granted that motion, dismissing the complaint "with prejudice." That dismissal was affirmed on appeal. See Ebeh v. Lakeside Occupational Med. Ctrs., P.A., 22 So. 3d 79 (Fla. 2d DCA 2009).

2

Ebeh then filed a complaint in federal court asserting all of the same claims that were included in his state court complaint plus a new claim under Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq. Lakeside moved to dismiss all of the claims based on res judicata, asserting that the state court's involuntary dismissal of Ebeh's complaint "with prejudice" operated as an adjudication on the merits. That dismissal, Lakeside argued, also precluded Ebeh's new FDUTPA claim because the claim arose from the same set of facts as the other causes of action that the state court dismissed. The district court agreed with Lakeside and dismissed Ebeh's entire complaint on res judicata grounds.

II.

We review de novo a district court's determination that a claim is barred by res judicata. E.E.O.C. v. Pemco Aeroplex, Inc., 383 F.3d 1280, 1285 (11th Cir. 2004). We also review de novo a district court's interpretation of state law. Jones v. United Space Alliance, L.L.C., 494 F.3d 1306, 1309 (11th Cir. 2007).

"[W]hen a federal court exercises federal question jurisdiction and is asked to give res judicata effect to a state court judgment, it must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation." Amey, Inc. v. Gulf Abstract & Title, Inc., 758 F.2d 1486, 1509 (11th Cir. 1985) (quotation marks omitted). Because Lakeside contends that a Florida

3

state court judgment bars Ebeh's federal lawsuit, we apply Florida's doctrine of res judicata to this case. According to that doctrine, an earlier lawsuit precludes a later lawsuit if (1) the two suits involve the "same parties"; (2) the first suit was resolved by "a court of competent jurisdiction"; (3) the first suit ended with a "judgment on the merits"; and (4) the two suits are based upon "the same causes of action." Fla. Dep't of Transp. v. Juliano, 801 So. 2d 101, 105 (Fla. 2001).

The first three prongs are easily met here. First, Ebeh filed his state lawsuit and federal lawsuit against the same party, Lakeside. Second, the Florida state court that dismissed Ebeh's complaint is a court of competent jurisdiction. Third, the state court judgment dismissing Ebeh's complaint operates as an adjudication on the merits because the court did not specifically say that its order of involuntary dismissal was not an adjudication on the merits. See Fla. R. Civ. P. 1.420(b); see also Allie v. Ionata, 503 So. 2d 1237, 1242 (Fla. 1987) ("Unless otherwise specifically exempted, a dismissal constitutes an adjudication on the merits.").

We now turn to the fourth prong of Florida's res judicata doctrine, determining whether the two lawsuits involve "the same cause of action." In the state and federal complaints, Ebeh asserted identical claims for negligent misrepresentation, intentional infliction of emotional distress, and race discrimination. Those three claims, therefore, are barred by Florida's doctrine of

4

res judicata.

Ebeh's FDUTPA claim is also barred even though he did not raise it in the state complaint. Under Florida law, "the doctrine of res judicata . . . bars from subsequent litigation all claims that were raised or could have been raised in the first cause of action." Felder v. State, Dep't Mgmt. Servs., 993 So. 2d 1031, 1034 (Fla. 1st DCA 2008); see also Fla. Dep't Transp. v. Juliano, 801 So. 2d 101, 107 (Fla. 2001) ("[R]es judicata bars relitigation in a subsequent cause of action not only of claims raised, but also claims that could have been raised."); Jenkins v. Lennar Corp., 972 So. 2d 1064, 1065 (Fla. 3rd DCA 2008) ("The doctrine of res judicata bars re-litigation of a cause of action for claims that were raised and could have been raised in a prior action."). Ebeh's FDUTPA claim is another theory of recovery for the same harm that he attempted to redress when he filed the state court complaint. Because he could have asserted the FDUTPA claim at that time, he is barred from asserting it now.

**AFFIRMED.**