LAWRENCE, Judge.
M.G. (Appellant), is the mother of L.G., a juvenile who was adjudicated delinquent on various charges and placed on community control. The trial court ordered both the juvenile and Appellant to pay restitution to the victim in the amount of $1,070, payable at a rate of $15 per month. Appellant failed to make the restitution, payments and on May 23, 1996, was held in civil contempt of court. She was sentenced to thirty days in jail with a purge provision in the amount of $360, but execution of the sentence was stayed until August 6, 1996, then again until September 16, 1996, in order to afford Appellant the opportunity to pay the $360 purge amount. Appellant failed to purge herself of contempt and ultimately served thirty days in jail. No appeal was taken from that order.
Appellant was again held in civil contempt on May 20, 1997, for failing to make any payments towards the court-ordered restitution. This second contempt proceeding is the subject of- the instant appeal. The trial court sentenced Appellant to thirty days in jail with a purge provision in the amount of $320, but failed to make a finding that Appellant had the present ability to pay the purge amount. This, as the State concedes, was error. See Bowen v. Bowen, 471 So.2d 1274, 1277 (Fla.1985)(holding that “incarceration for civil contempt cannot be imposed absent a finding by the trial court that the eontem-nor has the present ability to purge himself of contempt”). Although the record supports the trial judge’s finding that Appellant willfully failed to pay the court-ordered restitution, we are obliged to reverse and remand for the trial court to determine Appellant’s present ability to pay the purge amount.
Appellant asks this court to construe the first contempt proceeding as criminal in nature, so as to preclude subsequent incarceration in the event the trial court makes a finding that Appellant has the present ability to pay the purge amount. We decline to do so. The order on the first contempt proceeding clearly reflects an adjudication for civil contempt and we cannot in the instant proceeding appropriately look beyond its facial validity. Appellant’s objections to the nature of that order are untimely and were waived when no appeal was taken.
REVERSED and REMANDED for proceedings consistent with this opinion.
MICKLE and DAVIS, JJ., concur.