960 So.2d 900 (2007)
EASTERN INDUSTRIES, INC., ("Eastern Industries"), Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, and Mary E. Herron, Appellees.
No. 1D06-4783.
District Court of Appeal of Florida, First District.
July 20, 2007.
*901 Kevin D. Obos and Robert C. Jackson, of Harrison, Sale, McCloy, Thompson & Duncan, Panama City, for Appellant.
James Garrity, of Marie A. Mattox, P.A., Tallahassee, for Appellees.
PER CURIAM.
We affirm the award of unemployment benefits without comment, but write to explain our award of fees to Claimant as authorized by section 57.105, Florida Statutes (2006). Claimant moved for such fees in a timely manner, as contemplated in Florida Rule of Appellate Procedure 9.400. We grant that motion.
Section 57.105 authorizes a trial court to award fees and costs when
the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial: (a) Was not supported by the material facts necessary to establish the claim or defense; or (b) Would not be supported by the application of then-existing law to those material facts.
§ 57.105(1), Fla. Stat. Such a finding is tantamount to a conclusion that the claim was frivolous when filed, or later became frivolous. See Wendy's of N.E. Fla., Inc. v. Vandergriff, 865 So.2d 520 (Fla. 1st DCA 2003). Section 57.105 can also be the basis for an award of appellate attorney's fees, in accordance with section 59.46, Florida Statutes (2006). See Bridgestone/Firestone, Inc. v. Herron, 828 So.2d 414, 417-18 (Fla. 1st DCA 2002). An award of appellate fees under section 57.105 is appropriate here because Appellant knew or should have known that its claim on appeal lacked legal merit, in that the wording of the referee's recommendation so clearly set forth the standards she used, and these standards were correct. Therefore, we GRANT Claimant's motion for attorney's fees.
BROWNING, C.J., POLSTON and HAWKES, JJ., concur.