PER CURIAM.
Petitioner’s argument that the circuit court erred in denying a petition for writ of mandamus which challenged the setting of his presumptive parole release date is without merit and is rejected. But because the underlying action constituted a “collateral criminal proceeding” pursuant to section 57.085(10), Florida Statutes (2006), the circuit court improperly imposed a lien upon petitioner’s inmate trust account for payment of court costs and fees. Petitioner preserved this issue by filing in the circuit court a motion to vacate the lien. See Kemp v. McDonough, 955 So.2d 635 (Fla. 1st DCA 2007). Although the circuit court granted the motion and dissolved the lien, the court refused to authorize a refund of the monies which had been withdrawn from petitioner’s inmate account based on the erroneous lien. We quash that portion of the circuit court’s November 6, 2006, order which refused to authorize a refund. See Villar v. Florida Parole Comm’n, 955 So.2d 664 (Fla. 1st DCA 2007).
Accordingly, the petition is DENIED in part, GRANTED in part, and REMANDED. We direct the circuit court to order reimbursement of any funds that have been withdrawn from petitioner’s account to satisfy the improper lien order.
ALLEN, KAHN, and DAVIS, JJ., concur.