SALTER, J.
 

 Norma Betancourt, pro se, appeals a circuit court order denying her petition to open her mother’s estate and to appoint a new personal representative. The estate was closed in 2004 when the personal representative (another adult child of the decedent) was discharged. Ms. Betancourt did not appeal that order.
 

 Ms. Betancourt filed written objections to the closing of the estate a month later, and her objections were denied in an order entered in February, 2005. Ms. Betanc-ourt did not appeal that order.
 

 Ten months later, Ms. Betancourt filed a “petition for subsequent administration.” After receiving letters from her, the probate judge conducted a status conference on May 3, 2007. Absent a consensus or majority vote among all five adult children of the decedent, the court declined to reopen the estate for further administration. That very day, Ms. Betancourt filed a motion to disqualify the probate judge. The petition for subsequent administration and the motion to disqualify were denied in an order entered May 21, 2007. Ms. Betanc-ourt did not appeal that order.
 

 Ms. Betancourt filed another petition to re-open the estate and to appoint a new personal representative on June 11, 2008,
 
 *490
 
 and this was denied on June 16, 2008. This appeal followed.
 

 The estate did not file an' appellee’s brief. This seems logical, since the estate has been closed for several years and has no assets, personal representative, or attorney. The probate judge has been patient and gracious, but Ms. Betancourt must now realize that her claims, objections, petitions, grievances, and correspondence to the court regarding her late mother’s estate must stop. Those issues have been adjudicated and may not be asserted successively.
 
 See Jenkins v. Lennar Corp.,
 
 972 So.2d 1064, 1065 (Fla. 3d DCA 2008).
 

 Affirmed.