HAWKES, C.J.
 

 Melissa Long brought a complaint against her HMO — AvMed—in which she requested injunctive relief and attorney’s
 
 *1265
 
 fees due to AvMed’s refusal to provide coverage for a certain medical treatment. During the subsequent filings and hearing, Long admitted AvMed had agreed to pay for the treatment prior to the filing of the complaint, meaning she did not actually require injunctive relief at the time the suit was filed. The trial court dismissed the claims for injunctive relief and attorney’s fees with prejudice. It emphasized the request for injunctive relief was merely a pretext, and that the true purpose of the suit was for Long to collect attorney’s fees. Long has now appealed the dismissal of the request for attorney’s fees. Her persistence is difficult to understand in light of this record. Obviously, we affirm.
 

 We write only to address Av-Med’s motion for appellate attorneys’ fees pursuant to section 57.105, Florida Statutes (2007). We find such fees should be imposed. Fees are appropriate under section 57.105(1) when the party or the parties’ attorney pursued a claim or defense that is without factual or legal merit. The section reads:
 

 the losing party or the losing party’s attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial: (a) was not supported by the material facts necessary to establish the claim or defense; or (b) would not be supported by the application of the then-existing law to those material facts.
 

 The determination of factual or legal merit can occur either when the claim or defense is first made, or later when the party discovers, or should have discovered, that the claim or defense lacks factual or legal merit.
 
 See Gopman v. Department of Education,
 
 974 So.2d 1208, 1210 (Fla. 1st DCA 2008). The test is simply whether the “party or his counsel knew or should have known, at the time of filing, [that the claims were] not grounded in fact, or were not warranted by existing law or by reasonable argument for extension, modification, or reversal of existing law.”
 
 Id.
 
 Importantly, section 57.105 “does not require a party seeking fees to show the complete absence of a justiciable issue of fact or law, but permits fees to be recovered for any claim or defense that is insufficiently supported.”
 
 Id.; see also Wendy’s of N.E. Fla., Inc. v. Vandergriff,
 
 865 So.2d 520, 523 (Fla. 1st DCA 2003). Section 57.105 permits an appellate court to impose appellate attorneys’ fees for conduct on appeal.
 
 See Boca Burger, Inc. v. Forum,
 
 912 So.2d 561, 574-75 (Fla.2005).
 

 This criteria, when applied to the arguments raised in Long’s complaint, mandates an imposition of the sanction of appellate attorneys’ fees pursuant to section 57.105 for at least two reasons: (1) Long’s appeal of the trial court’s dismissal of her request for attorney’s fees lacked any statutory support; and (2) Long has attempted to keep material facts from this Court. Each of these deficiencies should have been obvious to Long and her counsel at the time the appeal was filed. Each deficiency, on its own, constitutes sufficient reason to impose the sanction.
 

 First, Long’s appeal lacks a statutory basis. In the proceeding below, the trial court dismissed Long’s request for attorney’s fees. On appeal, Long continues to argue the trial court should have awarded fees under section 641.28, Florida Statutes (2007), because she received payment from AvMed after filing her lawsuit. This argument ignores the express language of the statute, which states “[i]n any civil action brought to enforce the terms and conditions of a health maintenance organization contract, the prevailing party is entitled to recover reasonable attorneys’ fees and court costs.”
 

 Section 641.28 is limited to only those suits “brought to enforce.” At first blush,
 
 *1266
 
 the complaint appears to have been brought to enforce the terms of Long’s HMO policy due to her request for injunc-tive relief. However, prior to the filing of the complaint, AvMed agreed to pay for the treatment in full. Consequently, the request for injunctive relief was merely a pretext for the lawsuit’s true purpose — to obtain attorney’s fees. Indeed, Long’s counsel admitted during a hearing that Long was “not entitled to injunctive relief because AvMed [had already] authorized payment for the treatment.”
 
 [1]
 
 Since the purpose of the lawsuit was not to enforce the terms of an HMO contract, Long’s argument on appeal lacks legal and factual merit.
 

 Second, regarding Long’s statements of fact, she argues the trial court should have awarded her attorney’s fees because AvMed agreed to pay for her medical treatment after the suit was filed. However, as previously discussed, the record reveals AvMed agreed to pay for the cost of Long’s medical treatment prior to the filing of the complaint. Since the case hinges on this fact, it is clearly material. Long failed to acknowledge this agreement in her complaint; Long also failed to acknowledge it in her appellate brief. Presumably, she failed to do so because the acknowledgment would destroy her entire argument. Unfortunately, refusing to acknowledge unfavorable facts was not an option Long or her attorney possessed. This conduct is sanctionable as it violates an appellate counsel’s “ethical obligation to present [] the facts [] accurately and forthrightly.”
 
 Boca Burger, Inc.,
 
 912 So.2d at 571;
 
 see also Hays v. Johnson,
 
 566 So.2d 260, 261 (Fla. 5th DCA 1990) (finding the omission of a material fact sanctionable as “all counsel who appear before this court must be truthful and fair in their petitions”).
 

 We grant AvMed’s motion and find appellate attorneys’ fees should be paid in equal amount by Long and her attorney pursuant to section 57.105(1), Florida Statutes. The case is REMANDED to the trial court to determine the reasonable attorney’s fees AvMed incurred.
 

 LEWIS and THOMAS, JJ., concur.
 

 [1]
 

 . During the same hearing, the trial court rebuked Long’s counsel, stating the "suit was a jump-the-gun suit, a gotcha suit. After you heard that they were going to pay for [the treatment], you rushed the suit, in effect, so that you could try to get your attorney's fees out of it."