THOMAS, J.,
Dissenting.
I respectfully dissent. Rule 3.590(a) of the Florida Rules of Criminal Procedure provides that a motion for a new trial must be filed within ten days of rendition of a verdict. Appellant filed his motion for new trial on the tenth day after the verdict was rendered, after sentencing, and on the day that Judge Hess stepped down from the bench. By postponing the filing of this motion until the tenth day, a date that counsel for Appellant knew would be the trial judge’s last day on the bench, Appellant guaranteed that the original trial judge would not be able to hear the mo *198 tion. As noted by the majority, a successor judge does not have the authority to hear a motion for new trial when the motion is based on an argument that the verdict is against the greater weight of the evidence. As such, by Appellant’s decision to file his motion as late as possible, he virtually ensured himself a new trial. Appellant specifically noted in the motion that, in his case, “the only recourse is a new trial.”
“A search for truth and justice can be accomplished only when all relevant facts are before the judicial tribunal. Those relevant facts should be the determining factor rather than gamesmanship, surprise, or superior trial tactics.” Dodson v. Persell, 390 So.2d 704, 707 (Fla.1980). Appellant’s act in filing the motion at the end of the trial judge’s term on the bench was one of gamesmanship and is against policy objectives that “seek to eliminate legal trickery and procedural gamesmanship by crafty litigants who intentionally cause error or allow error to creep into the trial proceedings so they can complain about it on appeal.” Caldwell v. State, 920 So.2d 727, 730 (Fla. 5th DCA 2006) (discussing the contemporaneous objection rule). Appellant cannot take advantage of the alleged error in allowing a successor judge to hear his motion for a new trial where he essentially invited the error by postponing the filing of the motion. See Czubak v. State, 570 So.2d 925, 928 (Fla.1990). Appellant’s “gotcha” technique should not be rewarded with a new trial. See Long v. AvMed, 14 So.3d 1264 (Fla. 1st DCA 2009) (granting Appellee’s motion for attorneys’ fees pursuant to section 57.105, Florida Statutes, and noting that Appellant “jumped the gun” and filed a “gotcha” suit). Accordingly, I would affirm Appellant’s conviction and sentence.