POLEN, J.
 

 Former husband appeals from the trial court’s non-final order on former wife’s application for civil contempt against former husband, for enforcement and for sanctions. We affirm, and write only to address former wife’s motion for appellate attorney’s fees pursuant to section 57.105, Florida Statutes (2010).
 

 The parties’ marriage was dissolved by final judgment entered on February 28, 2008. Pursuant to the final judgment, former husband was to transfer the New Hampshire commercial property known as Brady’s Plaza to former wife within thirty days. However, the transfer did not occur until May 28, 2008. Meanwhile, he continued to collect all rents from Brady’s Plaza, and deposit them into one of his corporate bank accounts. Former wife then moved for civil contempt and to enforce the final judgment, for sanctions and other relief. At the subsequent hearing, former husband alleged that the trial court lacked personal jurisdiction over the entity that owned Brady’s Plaza, Bay Acquisitions, LLC.
 
 [1]
 
 The trial court rejected this argument, and granted former wife’s application for civil contempt against former husband. The court found that former husband had complete control and dominion over Bay Acquisitions as its sole member, and that it was former husband alone who decided to collect and deposit the rental dollars belonging to former wife into that corporate bank account. Pursuant to this order, entered January 5, 2009, former husband was ordered to pay former wife the sum of $41,160. Former husband did not seek rehearing of or appeal this order.
 

 Former husband failed to pay the amount ordered, and thus former wife filed a subsequent application for civil contempt against former husband, for enforcement
 
 *522
 
 and for sanctions. Thereafter, the court conducted another hearing, during which former husband again argued that the trial court lacked jurisdiction. Former husband did not contest the fact that he had not paid former wife pursuant to the underlying order finding him in contempt, or his present ability to pay the same. The trial court again rejected this argument, and found former husband to be in contempt for failing to pay former wife the sum of $41,160, as previously ordered. In the instant appeal, former husband seeks review of the most recent order holding him in contempt,
 
 again
 
 alleging that the trial court lacks jurisdiction over Bay Acquisitions, LLC.
 

 Fees are appropriate under section 57.105(1) when the party or his attorney pursues a claim or defense that is without factual or legal merit. The section reads:
 

 [T]he losing party or the losing party’s attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
 

 (a) Was not supported by the material facts necessary to establish the claim or defense; or
 

 (b) Would not be supported by the application of then-existing law to those material facts.
 

 § 57.105(1), Fla. Stat. (2010). As the First District recently reiterated:
 

 The determination of factual or legal merit can occur either when the claim or defense is first made, or later when the party discovers, or should have discovered, that the claim or defense lacks factual or legal merit.
 
 See Gopman v. Department of Education,
 
 974 So.2d 1208, 1210 (Fla. 1st DCA 2008). The test is simply whether the “party or his counsel knew or should have known, at the time of filing, [that the claims were] not grounded in fact, or were not warranted by existing law or by reasonable argument for extension, modification, or reversal of existing law.”
 
 Id.
 
 Importantly, section 57.105 “does not require a party seeking fees to show the complete absence of a justiciable issue of fact or law, but permits fees to be recovered for any claim or defense that is insufficiently supported.”
 
 Id.; see also Wendy’s of N.E. Fla., Inc. v. Vandergriff,
 
 865 So.2d 520, 523 (Fla. 1st DCA 2003). Section 57.105 permits an appellate court to impose appellate attorneys’ fees for conduct on appeal.
 
 See Boca Burger, Inc. v. Forum,
 
 912 So.2d 561, 574-75 (Fla.2005).
 

 Long v. AvMed, Inc.,
 
 14 So.3d 1264, 1265 (Fla. 1st DCA 2009).
 

 These criteria, when applied to the argument raised by former husband, warrants an imposition of the sanction of appellate attorney’s fees pursuant to section 57.105.
 

 First, a contemnor’s objections to the nature of a prior civil contempt order are untimely and are waived when no appeal is taken.
 
 M.G. v. State,
 
 711 So.2d 1377 (Fla. 1st DCA 1998). As stated, former husband failed to timely seek review of the first order finding him in contempt. Further, the trial court has inherent jurisdiction to enforce its own orders.
 
 Gil v. Mendelson,
 
 870 So.2d 825, 826
 
 (Fla. 3d
 
 DCA 2003) (holding that trial court could order sale of foreign real property where parties made such part of litigation, and equity required it);
 
 see also Hoskin v. Hoskin,
 
 349 So.2d 755 (Fla. 3d DCA 1977) (courts retain jurisdiction to enforce execu-tory provisions, like those in this case, contained in a final judgment of dissolution of marriage).
 

 Former husband does not deny that former wife is entitled to the money collected from Brady’s Plaza subsequent to the entry of the final judgment, and readily admits that he has not paid this money
 
 *523
 
 to former wife, in violation of the trial court’s order dated January 5, 2009. Former husband also admits that he deposited this money into a bank account in the name of Bay Acquisitions, LLC. Yet, he argues that he cannot be held in contempt, as it was Bay Acquisitions, LLC that received the rental dollars belonging to former wife. As former wife argues, however, this money does not belong to Bay Acquisitions, LLC or to former husband. Rather, this money constitutes income from an asset awarded to former wife pursuant to the final judgment. Moreover, former husband is the sole member of Bay Acquisitions, LLC, and has complete control over it. Thus, while he may have been acting on behalf of the entity in collecting and depositing the rent money, it was he alone who decided to collect the rents, and where to deposit them. “[Ejquity will not allow a corporate veil to cover fraud or injustice, and to prevent such the corporate entity may be disregarded and the corporation and individual or individuals owning all of its stock and assets treated as identical.”
 
 Plank v. Arban,
 
 241 So.2d 198, 200 (Fla. 4th DCA 1970).
 

 Based on the foregoing, we conclude that former husband’s counsel knew or should have known that former husband’s claim on appeal is completely devoid of merit. We grant former wife’s motion and find appellate attorney’s fees should be paid in equal amount by former husband and his attorney pursuant to section 57.105(1), Florida Statutes. The ease is Remanded to the trial court to determine the reasonable attorney’s fees former wife incurred.
 

 Remanded.
 

 WARNER and FARMER, JJ., concur.
 

 [1]
 

 . Bay Acquisitions, LLC is a New Hampshire corporation of which former husband is the sole member.