ORDER IMPOSING SANCTIONS
 

 PER CURIAM.
 

 Upon our own initiative pursuant to Florida Rule of Appellate Procedure 9.410(a), we award Appellee its appellate attorney’s fees as a sanction against counsel for Appellant for filing a frivolous appeal counsel knew or should have known would not be supported by existing law, as proscribed by section 57.105(l)(b), Florida Statutes (2010).
 

 In 2007, Appellant filed a First Amended Complaint against Appellee, Baptist Medical Center, Sergio Li, M.D., Sergio Li, M.D., P.A., Karen A. Fleck, M.D., and Karen A. Fleck, M.D., P.A., alleging medical malpractice by Drs. Li and Fleck and negligence by Appellee based on vicarious liability and agency. After discovery, Drs. Li and Fleck and their respective P.A.s moved for summary judgment. Dr. Li asserted there was no evidence he had been negligent in treating Appellant, and Dr. Fleck asserted there was no evidence she directly or indirectly had any involvement in treating Appellant. Appellant voluntarily dismissed his complaint against Dr. Fleck and her P.A. with prejudice, and Dr. Li and his P.A. won summary final judgment. Appellant appealed the judgment to this Court (case number 1D08-2349), arguing that there remained genuine issues of material fact as to Dr. Li’s negligence, and that the trial court erred by not allowing Appellant to rely on an affidavit/opinion he had used during the presuit process. The issues raised on appeal were framed as follows in the Initial Brief:
 

 THE TRIAL COURT CLEARLY ERRED IN GRANTING APPEL-LEE’S MOTION FOR SUMMARY JUDGMENT AND IN DENYING APPELLANT’S MOTION FOR REHEARING, AND/OR MOTION TO VACATE AND SET ASIDE SUMMARY FINAL JUDGMENT.
 

 A. Section 766.106(5), Florida Statutes Does Not Prohibit Plaintiff From Using the Expert Affidavit of its Own Expert Witness to Contest a Motion for Summary Judgment.
 

 B. Additional Material Facts are In Controversy Precluding The Granting of a Motion for Summary Judgment.
 

 C. Decisional Authority Clearly Supports Appellant’s Request to Reverse The Trial Court’s Orders Granting Appellee’s Motion For Summary Judgment And Denying Appellant’s Motion For Rehearing And/Or Motion To Vacate And Set Aside The Final Summary Authority [sic].
 

 We affirmed the final summary judgment
 
 per curiam
 
 in
 
 Waddington v. Baptist Med. Ctr. of Beaches, Inc.,
 
 7 So.3d 539 (Fla. 1st DCA 2009).
 

 In the meantime, Appellee filed its motion for summary final judgment in March 2008 arguing that a legal basis no longer existed to hold it liable under theories of agency and vicarious liability because Appellant had dismissed Dr. Fleck from the lawsuit with prejudice, and Dr. Li was deemed not negligent by the summary final judgment in his favor. Nothing appears to have happened in the case until July 2010, when Appellee moved to dismiss for failure to prosecute. In September 2010, Appellant filed the affidavit of consultant Arthur Shorr opining that Appellee is responsible for the actions of its agent Dr. Li, and the affidavit of Dr. Barry
 
 *116
 
 Gustin opining that Dr. Li was negligent in treating Appellant.
 

 At the hearing on its motions, Appellee asserted that Appellant was barred by res judicata from relitigating issues of alleged negligence by Drs. Fleck and Li. Appellee argued that the voluntary dismissal of Dr. Fleck with prejudice and the summary final judgment in Dr. Li’s favor, constitute adjudications on the merits of Appellant’s negligence claims against them. As such, Appellee argued, Appellant cannot reliti-gate those claims in order to succeed against Appellee on theories of vicarious liability and agency. Counsel for Appellant conceded that the affirmed summary judgment in favor of Dr. Li is now law of the case, but argued that the summary judgment was “based on the facts of record at that time that there were not facts — not that he was purely innocent .... ” Counsel further asserted that factual issues remain regarding the negligence of other, unnamed employees or agents of Appellee against whom no negligence was yet alleged. He sought leave to file a second amended complaint that would contain the necessary allegations even though, as he admitted, he had obtained and filed no relevant presuit affidavits, as required by chapter 766, Florida Statutes. The trial court responded, “I think that’s going to be a big problem” and denied the request. The court ultimately rendered a final order finding no genuine issue as to any material fact and entering summary final judgment for Appellee. The court also stated in the order it would have dismissed the case for failure to prosecute had summary judgment not been appropriate.
 

 Appellant appealed the final order — the instant case — and counsel filed an Amended Initial Brief stating the issues on appeal as follows:
 

 THE TRIAL COURT CLEARLY ERRED IN GRANTING APPEL-LEE’S MOTION FOR SUMMARY JUDGMENT AND IN DENYING APPELLANT’S MOTION FOR REHEARING, AND/OR MOTION TO VACATE AND SET ASIDE SUMMARY FINAL JUDGMENT.
 

 A. Section 766.106(5), Florida Statutes Does Not Prohibit Plaintiff From Using the Expert Affidavit of its Own Expert Witness to Contest a Motion for Summary Judgment.
 

 B. Additional Material Facts are In Controversy Precluding The Granting of a Motion for Summary Judgment in addition to record activity occurring within a year.
 

 C. Decisional Authority Clearly Supports Appellant’s Request to Reverse The Trial Court’s Orders Granting Appellee’s Motion For Summary Judgment And Denying Appellant’s Motion For Rehearing And/Or Motion To Vacate And Set Aside The Final Summary Authority [sic].
 

 We affirmed the final order
 
 per curiam,
 
 see
 
 Waddington v. Baptist Med. Ctr. of the Beaches, Inc.,
 
 75 So.3d 727, 2011 WL 6167335 (Fla. 1st DCA Dec. 8, 2011) (Table), and ordered Appellant to show cause why we should not impose sanctions against him and/or his counsel pursuant to section 57.105(1) and rule 9.410(a) for filing a frivolous appeal.
 

 Section 57.105(1), Florida Statutes (2010), provides:
 

 (1) Upon the court’s initiative or motion of any party, the court
 
 shall
 
 award a reasonable attorney’s fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney on any claim or defense at any time during a civil proceeding or action in
 
 *117
 
 which the court finds that the losing party or the losing party’s attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
 

 (a) Was not supported by the material facts necessary to establish the claim or defense; or
 

 (b) Would not be supported by the application of then-existing law to those material facts.
 

 (emphasis added). By now, it is well settled that appellate courts can award appellate attorney’s fees under this provision.
 
 See Boca Burger, Inc. v. Forum,
 
 912 So.2d 561, 570 (Fla.2005);
 
 Martin County Conserv. Alliance v. Martin County,
 
 73 So.3d 856, 864 (Fla. 1st DCA 2011);
 
 Sullivan v. Sullivan,
 
 54 So.3d 520, 522 (Fla. 4th DCA 2010);
 
 Eastern Indus., Inc. v. Florida Unemployment Appeals Comm’n,
 
 960 So.2d 900, 901 (Fla. 1st DCA 2007);
 
 Airtran Airways, Inc. v. Avaero Noise Reduction Joint Venture,
 
 858 So.2d 1232, 1233-34 (Fla. 5th DCA 2003);
 
 Visoly v. Sec. Pac. Credit Corp.,
 
 768 So.2d 482, 490 (Fla. 3d DCA 2000). A finding under section 57.105(1)(a) or (l)(b) is “tantamount to a conclusion that the claim was frivolous when filed, or later became frivolous.”
 
 Eastern Indus., Inc.,
 
 960 So.2d at 901 (citing
 
 Wendy’s of N.E. Fla., Inc. v. Vandergriff,
 
 865 So.2d 520 (Fla. 1st DCA 2003)). “[A] ‘frivolous’ appeal is one which raises arguments a reasonable lawyer would either know are not well grounded in fact, or would know are not warranted either by existing law or by a reasonable argument for the extension, modification, or reversal of existing law.”
 
 Visoly,
 
 768 So.2d at 491.
 

 The instant appeal easily satisfies these criteria. Appellant’s counsel filed an Amended Initial Brief raising the same issues as those raised and ruled upon in case number 1D08-2349, relating to the summary judgment entered in favor of Dr. Li. In fact, it is evident that counsel simply used the brief from the prior case (the same law firm represented Appellant in that case), and added some argument directed to the trial court’s findings on the lack of record activity and failure to prosecute. Indeed, the Amended Initial Brief still bears the prior case number. Not only does Appellant’s counsel rely on previously made and ruled upon legal arguments wholly irrelevant to the summary judgment entered in Appellees’ favor, he presents no argument challenging the legal basis for the judgment. In the absence of a colorable argument for reversing the summary judgment, counsel’s argument on failure to prosecute — which the trial court stated would have justified dismissal if summary judgment had not been appropriate — lends no legitimacy to this appeal.
 

 Finding that this appeal satisfies section 57.105(l)(b), we award Appellee its reasonable appellate attorney’s fees to be paid in full amount by Appellant’s counsel. Although section 57.105(1) mandates that attorney’s fees be paid in equal part by both the losing party and counsel, section 57.105(3)(c) prohibits sanctioning a represented party under subsection (l)(b). We further remand this cause to the trial court to determine the amount of the fees.
 

 SO ORDERED.
 

 WETHERELL, MARSTILLER and SWANSON, JJ„ concur.