PER CURIAM.
Appellant, Mollie McKinnon, is the trustee of the Veronica A. Weinstein Irrevocable Living Trust (“Trust”). Appellees filed suit below seeking to force the trustee to distribute assets, which they claim to be due to them from the Trust. Following a hearing on the matter, the trial court issued an order essentially freezing all Trust assets indefinitely, until it could conduct further proceedings to sort out the parties’ claims. The order, which both parties characterize as a temporary injunction, does not contain any findings that would support an injunction, and does not require the posting of any type of bond. And, although neither party requested the injunction, neither party appealed from the order. Instead, McKinnon later filed a motion with the trial court, arguing that the injunction should be set aside because it was improperly entered. When the trial judge denied that motion, McKinnon appealed from the later denial order in an improper attempt to belatedly challenge the original injunction order. See, e.g., Betancourt v. Estate of Misdraji, 13 So.3d 489 (Fla. 3d DCA 2009) (declining to consider issues raised on appeal from denial of successive petition to re-open estate when same issues had been decided in prior orders from which moving party had not appealed); Ferguson v. Ferguson, 921 So.2d 796 (Fla. 5th DCA 2006) (holding that former husband was not entitled to evidentiary hearing, on petition to modify alimony where he failed to demonstrate substantial change in circumstances since entry of a prior order denying modification of alimony from which he did not appeal); M.G. v. State, 711 So.2d 1377 (Fla. 1st DCA 1998) (holding that mother’s failure to appeal prior contempt order precluded her challenge to prior order in appeal from later order entered based upon prior contempt order).
Because McKinnon did not appeal from the injunction order, we will not consider the propriety of that order on appeal. However, given the questionable nature of the original injunction order, and the obvious problems that freezing all Trust assets could pose for all concerned, we would hope that the trial court can quickly resolve the parties’ dispute.
AFFIRMED.
LAWSON and BERGER, JJ„ and JACOBUS, Senior Judge, concur.