PER CURIAM.
We affirm the trial court’s order dismissing with prejudice the appellant’s amended complaint without comment, but write to explain our award of fees to the appellee, Torben Severin Madson, III.
Section 57.105, Florida Statutes (2013), provides, in part:
(1) Upon the court’s initiative or motion of any party, the court shall award a reasonable attorney’s fee, including prejudgment interest, to be paid to the *708 prevailing party in equal amounts by the losing party and the losing party’s attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party’s attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.
(Emphasis added.)
It is well settled that appellate courts can award appellate attorney’s fees under this provision. See Waddington v. Baptist Med. Ctr. of Beaches, Inc., 78 So.3d 114, 117 (Fla. 1st DCA 2012). A finding under section 57.105(1) is “tantamount to a conclusion that the claim was frivolous when filed, or later became frivolous.” Id. (quoting E. Indus., Inc. v. Fla. Unemployment Appeals Comm’n, 960 So.2d 900, 901 (Fla. 1st DCA 2007)). An award of appellate fees under section 57.105 is appropriate here as the appellant knew or should have known the instant appeal was frivolous. The alleged guarantee claim against the appellee was within the Statute of Frauds and was neither reduced to writing nor signed by him. The law applicable to the case is clear and well-settled such that the appellant should have known that the relief sought was not supported by an application of the law. Given the mandatory nature of section 57.105 and our finding that the basis for the appeal and the arguments made were groundless, we grant the appellee’s motion for appellate attorney’s fees pursuant to section 57.105. See de Vaux v. Westwood Baptist Church, 953 So.2d 677, 682-85 (Fla. 1st DCA 2007) (affirming the dismissal of a complaint seeking specific performance on alleged oral agreement that was within the Statute of Frauds and discussing the award of sanctions pursuant to section 57.105 because the appeal was frivolous).
AFFIRMED and REMANDED to the trial court for assessment of section 57.105 attorney’s fees.
WOLF and ROWE, JJ., and PARKER, GREGORY S., Associate Judge, concur.