DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RUTH COSNER** and **LAW FIRM OF TOPKIN & PARTLOW,**
Appellants,

v.

**MICHAEL PARK,**
Appellee.

No. 4D14-2543

[November 25, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward H. Fine, Judge; L.T. Case No. 502013CA013207XXXXMB.

Peter J. Porcaro of Topkin & Partlow, P.L., Deerfield Beach, for appellants.

Bambi G. Blum of Bambi G. Blum, P.A., Miami, and Lance W. Shinder of Lance W. Shinder, P.A., Boca Raton, for appellee.

ROBY, WILLIAM L., Associate Judge.

We affirm the final judgment entered by the trial court and grant the defendant/appellee's motion for appellate attorney's fees incurred in defending this appeal pursuant to section 57.105, Florida Statutes (2013). "[I]t is well settled that appellate courts can award appellate attorney's fees under [section 57.105]." *Waddington v. Baptist Med. Ctr. of the Beaches, Inc.*, 78 So. 3d 114, 117 (Fla. 1st DCA 2012). "[A] 'frivolous' appeal is one which raises arguments a reasonable lawyer would either know are not well grounded in fact, or would know are not warranted either by existing law or by a reasonable argument for the extension, modification, or reversal of existing law." *Id.* (quoting *Visoly v. Sec. Pac. Credit Corp.*, 768 So. 2d 482, 491 (Fla. 3d DCA 2000)).

Not only was the underlying matter without merit, this appeal is without merit as well. The appellant's first argument on appeal was not preserved below, and her third argument is clearly contradicted by case law from this Court. Her second argument is perhaps the strongest of the three, yet she has pointed to no record evidence to support her assertion

that she or her counsel had a good faith basis for believing the appellee was liable.

In her response to the appellee's motion for attorney's fees, the appellant's counsel contends that the appellant was "never given the opportunity" to present certain argument to the trial court because

> [t]he lower court simply granted the [section] 57.105 [fees] after the summary judgment was granted, and never heard arguments, nor allowed the case law provided in Appellant's Initial Brief of this Appeal to be presented to the lower court in its determination of awarding fees pursuant to Defendant/Appellee's Motion for Sanctions.

This is an extremely misleading assertion because the record reveals that the trial court held a hearing on the appellee's motion for attorney's fees on March 18, 2014. The appellant, however, has not provided a transcript of the hearing.

Overall, this appeal meets the standard for frivolousness, and therefore an award of fees to the appellee is appropriate. The appellee's motion for attorney's fees is therefore granted and the case is remanded to the trial court to determine the amount of the same. The appellant's motion for attorney's fees is denied.

MAY and KLINGENSMITH, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***