ON ORDER TO SHOW CAUSE

PER CURIAM.
Upon our own initiative pursuant to Florida Rule of Appellate Procedure 9.410(a), we sanction attorney Steven R. Andrews for filing a frivolous appeal, as proscribed by section 57.105(1), Florida Statutes (2014), and for failing to timely respond to an order of this court.
The instant matter arises from a decade-long domestic and child custody dispute between Reschin Moore and Mark Hash regarding their son, A.T.H. In November 2012, Moore and Hash entered into a marriage dissolution settlement agreement, a portion of which contained a reconciliation plan for A.T.H. and Moore. A.T.H. also signed the agreement. In May 2013, Hash filed a notice of emancipation alleging that A.T.H. had been lawfully married in Missouri and was therefore emancipated under Florida law and no longer subject to the jurisdiction of the court. Moore contested the validity of the marriagé,'arguing that Hash arranged for A.T.H. to marry his 15-year-old stepsister in an effort to deprive the trial court of its jurisdiction over A.T.H. The trial court held a hearing on the matter, at which A.T.H. was represented by court-appointed attorneys Katherine Viker and Michael Dolce. Also at the hearing was A.T.H.’s court-appointed guardian ad litem. (According to the record, the attorneys and the guardian ad litem were appointed by the court in a prior-filed termination of parental rights case and continued as A.T.H.’s appointed representatives in the instant domestic relations case.) After hearing testimony and arguments, the trial court issued an.order on May 22, 2013, declaring that the Missouri marriage was an attempt to interfere with the court’s jurisdiction, and thus, was a sham and against public policy. The court thus refused- to recognize the marriage. The court announced this ruling at the hearing and obtained representations from both Hash and A.T.H. (through his guardian ad litem) that, moving forward, they would proactively and in good faith comply with the terms of the November 2012 settlement agreement.
Hash nevertheless filed an emergency petition for writ of certiorari in this court seeking to vacate the order, arguing that the lower court did not have jurisdiction because of the Missouri marriage. We denied the petition without opinion. See Hash v. Moore, 145 So.3d 100 (Fla. 1st DCA 2013).' A.T.H.’s stepsister subsequently filed a petition for a writ of certio-rari in this court also challenging the validity of the trial court’s ruling on the marriage, making virtually the same arguments made by Hash; it, too, we denied without opinion. See Hash v. Moore, 129 So.3d 365 (Fla. 1st DCA 2014): Notably, A.T.H. never sought appellate review of *1214 the May 22, 2013, order refusing to recognize his out-of-state marriage and deem him emancipated.
In February 2014, Moore and-Hash entered into and filed with the trial court a second settlement agreement that expressly superseded the November 2012 agreement. In the 2014 document, the parties specifically agreed that A.T.H. was not legally married and not emancipated because the alleged Missouri marriage is invalid in this state as against the public policy of the State of Florida. The parties further agreed to entry of an order by the court "giving Moore sole parental responsibility for A.T.H.
Before such order was entered, in June 2014, attorney Steven Andrews filed a notice of appearance purportedly on behalf of A.T.H., together with a motion to confirm A.T.H.’s emancipation, asserting that the Missouri marriage is valid and must be recognized as such by the trial court. Dol-ce and Viker filed' a motion to strike the appearance and filings of Andrews, arguing that they were still the appointed counsel of record for A.T.H., and Andrews had violated the Florida Rule of Judicial Administration 2.505(e) by appearing for a party already represented without first contacting counsel of record. They also sought sanctions against Andrews for seeking to relitigate the validity of the Missouri marriage and the trial court’s jurisdiction over A.T.H. because those matters already had been ruled on by the lower court in the May 22, 2013, order, and A.T.H. did not seek .timely appellate re-riew of it.
At a hearing on the motion to strike and for sanctions, Andrews, testified it was Hash who first contacted him to represent A.T.H. solely on the emancipation issue. Andrews admitted that he knew prior to filing the motion to declare A.T.H, emancipated based on, the Missouri marriage that the issues had been raised and decided previously. He did not, however, review the transcript of the related prior proceedings in the trial court — particularly, the May 2013 hearing during which the court considered and ruled on the Missouri marriage/emancipation matter; nor did he review the pleadings and other filings in the related appellate proceedings in this court. He also acknowledged that he knew A.T.H. was already represented before filing his notice of appearance and. motion to confirm emancipation. Andrews testified he was “familiar with” the February 2014 settlement agreement executed by Hash and Moore, but had not read it even at the time of the hearing.
The lower court granted the motion to strike, as well as the motion for sanctions against Andrews. The court concluded Andrews had improperly filed a notice of appearance on behalf of A.T.H. without complying with the rules of judicial administration “for the purpose of taking an inconsistent position with the position previously agreed to by [A.T.H.] (under oath, both in the initial written settlement agreement accepted by the Court before the TPR trial in late 2012 and in further, extensive hearings in May 2013)[.]” Further, the court found:
The evidence before the Court reflected the efforts of [A.T.H.’s attorneys of record] to alert attorney Andrews to the inappropriateness of the position taken in the Andrews motion.... The evidence at the hearing made clear that before filing the Andrews motion, attorney Andrews did not review the transcripts of any of the hearings before the trial court, he did not review any deposition other than that of [A.T.H.], he did not look at and was not aware of the, settlement agreement signed by [A.T.H.] before the late 2012 TPR trial, he either did not learn that [A.T.H.] was *1215 present and testified in a- May 2013 hearing before the trial court,,he did not review the trial court files (either in the dependency or family law cases) and did not review the record on appeal of the several appeals and other District Court proceedings. The failure to acquaint himself with' the pertinent available information before signing and filing the inappropriate Andrews motion warrants the imposition of sanctions!)]
Andrews filed a petition for writ of cer-tiorari in this court seeking to vacate the lower court’s order, arguing that the lower court had used the rules of judicial administration and civil procedure to avoid addressing whether it had jurisdiction over Á.T.H. in light of the Missouri marriage. We affirmed the order without opinion on March 17, 2015, see In re A.T.H., 160 So.3d 414 (Fla. 1st DCA 2015),[1] and the same day ordered Andrews to show cause within ten days why sanctions should not be imposed upon him pursuant to section 57.105(1) and Florida Rule of Appellate Procedure 9.410(a) for filing a frivolous appeal. Andrews did not respond to this court’s show-cause order until April 12, 2015, doing so without asking for leave to file the untimely response.
Section 57.105(1), Florida Statutes (2014), provides:
(1) Upon the court’s initiative or motion of .any party, the court shall award a reasonable attorney’s fee, including prejudgment interest, to bp paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party’s attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts. '
It is well settled that appellate courts can award appellate attorney’s fees under this provision. See Boca Burger, Inc. v. Forum, 912 So.2d 561, 570 (Fla.2005); Waddington v. Baptist Med. Ctr. of Beaches, Inc., 78 So.3d 114, 117 (Fla. 1st DCA. 2012). A finding-under section 57.105(l)(a) or (l)(b), is “tantamount to a conclusion that the claim was frivolous when filed, or later became frivolous.” Eastern Indus., Inc. v. Fla. Unemployment Appeals Comm’n, 960 So.2d 900, 901 (Fla. 1st DCA 2007) (citing Wendy’s of N.E. Fla., Inc., v. Yandergriff, 865 So.2d 520 (Fla. 1st DCÁ 2003)). Similarly, the Florida Rules of Appellate Procedure provide that an appellate court may impose sanctions for the filing of a frivolous appeal. Fla. R.App. P. 9.410(a). “An appeal js frivolous if it.'is’completely without merit in , law and cannot be supported by a reasonable argument for an extension, modification, or reversal of existing law.’ ” Fla. Houndsmen Ass’n, Inc. v. State, Fish *1216 & Wildlife Conserv. Comm’n, 134 So.3d 999, 1001 (Fla. 1st DCA 2012) (quoting Visoly v. Sec. Pac. Credit Corp., 768 So.2d 482, 491 (Fla. 3d DCA 2000)). “[A]n appeal which lacks a factual basis or well-grounded legal argument will be considered devoid of merit;” Visoly, 768 So.2d at 491.
We conclude the instant appeal is frivolous. In seeking to quash the trial court’s order, Andrews argued that the court “made a judicial end run around a ruling on the legitimate legal issues in the Motion for Order Confirming Emancipation!!,]” and that “there [are] legal and factual issue[s] as to whether A.T.H. is emancipated by virtue of his Missouri marriage[.]” The “judicial end run” argument is patently meritless. Andrews’ admitted failure to comply with rule 2.605(e) rendered the motion to confirm A.T.H.’s emancipation a nullity subject to being stricken. See Bortz v. Bortz, 675 So.2d 622, 624 (Fla. 1st DCA 1996) (holding, where attorney did not comply with rules regarding substitution of counsel, trial court correctly determined motion for rehearing filed by attorney was a nullity); see also Hicks v. Hicks, 715 So.2d 304, 305 (Fla. 5th DCA 1998) (“[W]e think failure to fully comply with [the rule regarding substitution] makes pleadings filed by an attorney voidable and subject to a motion to strike.”). ' Moreover, the matter of AT.H.’s emancipation was fully litigated and ruled upon by the trial court nearly a year before Andrews appeared in the case solely to litigate that issue. Andrews asserts but does not .explain how or why the after-the-fact issues he raised below are, indeed, “legitimate.” This appeal lacked any well-grounded legal argument and is, therefore, devoid of merit. See Visoly. Accordingly, we sanction Andrews ■ under section 57.105(l)(b) and rule 9.410(a).
A sanction is further warranted by Andrews’ failure to timely respond to this court’s show-cause order, or to ask for leave to file his response sixteen days late.
For these reasons, we order Andrews to pay Attorney Michael T. Dolce reasonable attorney’s fees for defending this appeal'. We remand this cause to the lower court to determine the amount of the fees to be paid in full amount by Andrews.
SO ORDERED.
MARSTILLER, RAY and SWANSON, JJ., concur.

. On November 19, 2014, this court issued an order stating:
According to the’ Court’s order dated‘August 28, 2014, review proceedings in this case are proceeding as an appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(4) even though a portion of the order may be subject to the .heightened cer-tiorari standard of review. See generally Whisner v. Moore, 825 So.2d 420 (Fla. 1st DCA 2002) (allowing review to proceed by appeal -rather than petition where order on .review was partially appealable). Accordingly, and on the Court’s own motion, the "Petitioner A.T.H.’s Petition for Writ of Cer-tiorari” is hereby treated as appellant's Initial Brief. See Fla. R.App. P. 9.130(e).