DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSEPH MANZARO,**
Appellant,

v.

**LINDA D'ALESSANDRO,**
Appellee.

No. 4D16-3951

[November 1, 2017]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward A. Garrison, Acting Circuit Judge; L.T. Case No. 2016DR009529XXXXMB.

Guillermo J. Farinas, Palm Beach, for appellant.

Megan K. Wells of Wells Law Firm, LLC, Miami Lakes, for appellee.

***ON ORDER TO SHOW CAUSE AND
APPELLEE'S MOTION FOR ATTORNEY'S FEES***

KUNTZ, J.

On August 3, 2017, we affirmed the circuit court's order dismissing the Appellant's complaint. We now grant the Appellee's motion for attorney's fees. Additionally, after reviewing the responses to our order to show cause, we sanction the Appellant and his counsel.

In January 2012, the Appellee filed a verified petition for temporary custody by extended family in the Seventeenth Judicial Circuit (the "Broward Circuit Court"). Later that month, the Appellee filed an agreed final order, where the Appellant and the mother, a non-party to this appeal, agreed that their minor child would live with the Appellee in Coral Springs. The Appellant has since filed multiple motions and petitions in the Broward Circuit Court, seeking relief from the purportedly agreed-to custody order. The record indicates at least one petition or motion remains

pending in the Broward Circuit Court.[1]

Though the 2012 custody order was rendered by the Broward Circuit Court, the proceeding giving rise to *this* appeal was filed by the Appellant in the Fifteenth Judicial Circuit (the "Palm Beach Circuit Court"). There, in September 2016, the Appellant, through counsel, filed a "complaint for equitable relief from agreed final order modifying temporary custody by extended family member on the basis of extrinsic fraud and the lack of personal jurisdiction." In the complaint, the Appellant asserted he was never served with notice of the proceedings in the Broward Circuit Court and, additionally, that the Broward Circuit Court lacked personal jurisdiction over him. The Palm Beach Circuit Court correctly dismissed the complaint, and we affirmed.[2]

At the time of our affirmance, while the Appellee's motion for attorney's fees remained pending, we issued an order to show cause directing the appellant in the above–styled case and appellant's counsel, Guillermo J. Farinas, Jr., "to show cause in writing, if any there be, within ten (10) days from the date of this order, why this Court should not impose any and all sanctions available pursuant to this Court's inherent authority, Fla. R. App. P. 9.410(a), and the Rules Regulating the Florida Bar for the prosecution of a frivolous appeal."

We have considered the entirety of the record and court filings, including the appellee's motion for appellate attorney's fees, the "appellant's response to order to show cause" filed on August 13, 2017, the "appellee's reply to appellant's response to order to show cause" and the appendix thereto filed on August 30, 2017, and the "appellant's amended response to order to show cause" filed on September 1, 2017.[3]

Rather than responding to our order—why he and his counsel should not be sanctioned—the Appellant begins his amended response by seeking attorney's fees against the Appellee. He states that the Appellant "shows cause herein why this Honorable Court should not impose any sanctions against him but should impose serious sanctions against the Appellee [ ]

---

[1] The record indicates the Appellant also filed proceedings seeking the same relief in the Eleventh Judicial Circuit and the Third District Court of Appeal.

[2] Because the claims were not properly before the circuit court, neither the circuit court's dismissal nor this Court's affirmance reach the merits of the Appellant's claims.

[3] The appellant's amended response to order to show cause, filed after the Appellee replied to the original response, was filed without seeking leave of court.

2

for the prosecution of this VERY SERIOUS appeal." Further, the Appellant was apparently "forced to file this VERY SERIOUS and MORALLY NECESSARY appeal."

In the amended response, the Appellant asks "what facts or evidence have been presented to demonstrate that this entire matter is not VERY SERIOUS? On the contrary, all of the evidence clearly shows that a de facto Kidnapping of the Appellant's minor child has taken place for over five (5) years." Finally, the Appellant concludes by stating he "requests that this Honorable Court dismiss the Appellee['s] [ ] frivolous and completely meritless Motion for Appellate Attorney's Fees and seriously consider the imposition of sanctions against the Appellee [ ] in the amount that this Honorable Court would deem appropriate."[4]

We find the appeal to be completely without merit. Asserting fraud on the court, the Appellant sought relief from an order entered more than four years before he filed his complaint. Florida Rule of Civil Procedure 1.540(b) allows for motions for relief from judgment to be filed "within a reasonable time" but, for fraud on the court, the relief must be sought "not more than 1 year after the judgment, decree, order, or proceeding was entered or taken." *Id.* Clearly, he did not seek relief from the order within the time required by Rule 1.540(b).

Beyond the one-year impediment, a party cannot rely on Rule 1.540 to seek relief from an order issued by a different court. As one federal court noted, "in no case has a Florida court allowed a cause of action for fraud on the court under Rule 1.540 in a court that is different from the one in which the fraud was committed." *Fla. Evergreen Foliage v. E.I. Dupont De Nemours & Co.*, 336 F. Supp. 2d 1239, 1272 (S.D. Fla. 2004) (citing *Cobourn v. Cobourn*, 436 So. 2d 284, 285 (Fla. 5th DCA 1983)).

Apparently aware of the impediments presented by Rule 1.540, the Appellant and his counsel argue the attempt to obtain relief from the order should be treated as an independent action. And, we agree that Rule 1.540(b) states that it "does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court." However, the Appellant and his counsel have not presented any persuasive

---

[4] The original response concluded with a "request that this Honorable Court dismiss the Appellee['s] [ ] frivolous and completely meritless Motion for Appellate Attorney's Fees and impose sanctions against the Appellee [ ] in the amount of Ten Thousand Dollars ($10,000.00), and require the payment of same within ten days."

argument that this independent action for fraud on the Broward Circuit Court can be brought in Palm Beach Circuit Court. That is an argument explicitly rejected in *Florida Evergreen*, where the court concluded a claim for fraud on the court, whether an independent action or pursuant to Rule 1.540(b), must be brought in the court where the fraud was purportedly committed. *Fla. Evergreen Foliage*, 336 F. Supp. 2d at 1271 (citing *Chewning v. Ford Motor Co.*, 35 F. Supp. 2d 487 (D.S.C. 1998)).[5]

Regardless, whether or not a court has theoretical jurisdiction over an independent action for relief from a judgment entered by a different court is not dispositive on the issue of the frivolity of the Appellant's complaint in this case. Even if the Palm Beach Circuit Court had jurisdiction to entertain the independent action, it would have been precluded by both the principles of comity, due to the Appellant's pending request for similar relief in Broward County, *see JP Morgan Chase Bank, N.A. v. Estate of Neu*, 133 So. 3d 1068, 1070 (Fla. 4th DCA 2014), and res judicata, due to the multiple earlier final orders denying the same relief requested in this proceeding, *see Pearce v. Sandler*, 219 So. 3d 961, 966 (Fla. 3d DCA 2017).

The Appellant has had multiple opportunities to raise the issues presented in his complaint to the Broward Circuit Court and, in fact, has done so. His attempt at filing a new lawsuit in a different circuit, after those prior attempts were rejected and while other new attempts still remain pending in the Broward Circuit Court, is completely devoid of merit. Therefore, we grant the Appellee's motion for appellate attorney's fees, and sanction the Appellant and his counsel.

Pursuant to section 57.105(1), Florida Statutes (2016), Florida Rule of Appellate Procedure 9.410(a), and this Court's inherent authority, the Court awards the appellee its appellate attorney's fees and costs as a sanction against the Appellant and his counsel, Guillermo J. Farinas, Jr., for the filing of a frivolous appeal. *Waddington v. Baptist Med. Ctr. of Beaches, Inc.*, 78 So. 3d 114, 115 (Fla. 1st DCA 2012); *Visoly v. Sec. Pac. Credit Corp.*, 768 So. 2d 482, 492 (Fla. 3d DCA 2000).

---

[5] Rule 1.540(b) is modeled after the Federal Rules and, therefore, we look to federal case law to aid in our interpretation of the rule. *Molinos Del S.A. v. E.I. DuPont de Nemours & Co.*, 947 So. 2d 521, 524 (Fla. 4th DCA 2006) (looking to federal case law interpreting Rule 1.540(b) and noting "the federal rule is substantially the same as Rule 1.540(b)."); *Casteel v. Maddalena*, 109 So. 3d 1252, 1256 (Fla. 2d DCA 2013) ("because rule 1.540 was modeled after Federal Rule of Civil Procedure 60, we may resort to federal case law to aid us in our interpretation of rule 1.540.").

On remand, the circuit court shall set the amount of the attorney's fees to be awarded for this appellate case. If a motion for rehearing is filed in this court, then services rendered in connection with the filing of the motion, including, but not limited to, preparation of a responsive pleading, shall be taken into account in computing the amount of the fee. The circuit court shall require the appellate fees and costs to be paid in equal amounts by the Appellant and the Appellant's counsel, Guillermo J. Farinas, Jr. *See*, e.g., § 57.105(1), Fla. Stat.; *Sullivan v. Sullivan*, 54 So. 3d 520, 523 (Fla. 4th DCA 2010).

In conclusion, we grant the Appellee's motion for attorney's fees, sanction the Appellant and the Appellant's counsel, Guillermo J. Farinas, Jr., and remand the case to the circuit court for a determination of the amount of the fee award, which shall be paid equally by the Appellant and his counsel.

*Motion for attorney's fees granted; sanctions imposed; and remanded for further proceedings not inconsistent with opinion.*

TAYLOR and DAMOORGIAN, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***

5