WOLF, Judge.
This is an appeal of a final order terminating appellants’ title and right to possession of real property. Appellant raises two issues on appeal, one which merits reversal and will be discussed herein: Whether the trial court erred by entering an order of enforcement of a prior court order and by entering a final judgment on the pleadings against appellants.
The Santa Rosa Island Authority (SRIA) is an agency of Escambia County which has the authority to lease and administer county-owned land on Pensacola Beach located on Santa Rosa Island. In 1979, SRIA approved an assignment of five master leases (parcels I through V) to Gulf Management of Pensacola (Gulf). Gulf developed parcel I which contained several apartment buildings and subleased the apartments. The subleases were in turn assigned to others, including the appellants, who received partial assignments of two Mai Kai Villa apartment units. When Gulfs motel on parcel II burned, a dispute developed arid Gulfs sublessees and assignees stopped their lease payments. SRIA contended that there were other rent defaults under the master leases, subleases, and partial assignments.
SRIA filed suit on April 27,1992, to terminate Gulfs master leases and all subleases and partial assignments under them and to obtain a judgment for damages. There was a large number of defendants. The appellants answered the complaint. SRIA disposed of most claims by stipulation or default and final judgment. A hearing was held on July 8, 1994, and a judgment was entered against approximately 100 of the defendants, all of which are listed in the final judgment. Appellants were not included in the list of defaulted defendants.
SRIA and Gulf entered into a settlement agreement which was approved by the trial court. The court, pursuant to the agreement, directed the termination of Gulfs master leases. However, paragraph 6 of the order approving settlement specifies that the agreement did not affect the rights of any nondefaulted party:
This stipulated order does not affect the rights of any nondefaulted party, against whom a judgment has not been entered, and is not an adjudication in any manner that will affect those nondefaulted parties’ rights.
Trial was set for January 23,1995. At the time of trial, appellants were the only defendants remaining in the suit. On the day of the trial, SRIA moved to enforce against the appellants the September 2, 1994, order approving settlement, on the grounds that appellants had refused to surrender possession and control of their property. The court granted SRIA’s motion for enforcement of the order approving settlement and required the appellants to surrender possession and control of their property. SRIA and Gulf also moved for judgment on the pleadings against appellants. The trial court granted the motion for judgment on the pleadings.[1]
In the September 2,1994, order approving the settlement agreement between SRIA and Gulf, paragraph 6 specifically excludes non-defaulted parties. The appellants’ argument *283 that they were nondefaulted parties which were excepted from the settlement is supported by the record. The “defaulted defendants” are listed in the final judgment which resulted from the July 8, 1994, hearing. Of the 100 or so defendants listed in the record, the appellants are not included; therefore, they were “nondefaulted defendants” which should have had their rights protected under paragraph 6 of the settlement agreement.
The trial court, therefore, erred by finding that the settlement agreement applied to appellants and by ordering the appellants to surrender possession and control of their property. Likewise, it is error for the court to have entered final judgment on the pleadings against Walker and Plauehe. Because the appellants’ property rights were not affected by the settlement agreement, there would be factual determinations which were still unresolved as to appellants.
Reversed and remanded for further proceedings.
JOANOS and VAN NORTWICK, JJ., concur.

. On the day of trial, SRIA also served and filed a voluntary dismissal which was entered on January 27, 1995, without prejudice. Appellees argue that the voluntary dismissal divested the trial court of jurisdiction and somehow limits our authority to review the enforcement order and judgment on the pleadings. We find these arguments to be devoid of any merit.