933 So.2d 567 (2006)
Tarrell J. SMITH and wife, June E. Smith, Appellants,
v.
Damon L. GORE and wife, Kimberly M. Gore, Appellees.
No. 1D05-5306.
District Court of Appeal of Florida, First District.
March 17, 2006.
Rehearing Denied April 19, 2006.
D. Michael Chesser, Shalimar, for appellants.
Richard H. Powell, Ft. Walton Beach, for appellees.
PER CURIAM.
Appellants seek review of an order granting specific performance of a residential sale and purchase contract. Appellees moved to dismiss this appeal. In response to the motion to dismiss, Appellants filed a notice of voluntary dismissal. Appellees now move for attorney's fees pursuant to section 57.105, Florida Statutes (2005). We grant the motion.
Following the lower court's final judgment granting specific performance, Appellants conveyed to Appellees the subject residential dwelling on October 20, 2005. The warranty deed was recorded on October *568 21, 2005. Appellants filed the instant appeal on November 2, 2005.
Significantly, Appellants filed their appeal after attending the closing of the real estate transaction and accepting the benefits of the transaction. By closing the real estate transaction, Appellants recognized the validity of the final judgment entered by the lower court, closed on the contract, deeded the property to Appellees, and accepted payment of the contract sale price. Thus, when Appellants filed the appeal, they knew or should have known the grounds argued for reversal were not supported by material facts necessary to establish relief, nor were they supported by the application of then-existing law to those material facts. See § 57.105(1)(a)(b), Fla. Stat. (2005); see also Albritton v. Ferrera, 913 So.2d 5 (Fla. 1st DCA 2005).
We again remind the bar that section 57.105 expressly states courts "shall" assess attorney's fees for bringing, or failing to timely dismiss, baseless claims or defenses. See Albritton, 913 So.2d at 8-9 (noting the word "shall" in section 57.105 evidences "the legislative intent to impose a mandatory penalty in the form of reasonable attorney's fees to discourage baseless claims, by placing a price tag on losing parties who engage in these activities.") (emphasis in original).
Appellees' motion for attorney's fees is GRANTED, and the case REMANDED to the trial court to assess the amount.
VAN NORTWICK, HAWKES and THOMAS, JJ., concur.