987 So.2d 694 (2008)
Jan DANZIGER, Appellant,
v.
ALTERNATIVE LEGAL, INC., Appellee.
No. 4D06-5070.
District Court of Appeal of Florida, Fourth District.
May 21, 2008.
Rehearing Denied August 26, 2008.
Edward J. Jennings, Fort Lauderdale, for appellant.
No appearance for appellee.
SHAHOOD, C.J.
This is an appeal by Jan Danziger, appellant, from a final judgment awarding attorney's fees and costs in favor of Mark Tamecki. Mark Tamecki, during the pendency of this appeal, assigned his interest in the final judgment to named appellee, Alternative Legal, Inc.
Jan Danziger testified by deposition that she entered into a written contract with Mark Tamecki's corporation to purchase a parcel of property (parcel "A"). The contract *695 on parcel "A" closed. Danziger, while negotiating with Tamecki on parcel "A" asked Tamecki if he knew who owned the property abutting parcel "A" (parcel "B"). Tamecki indicated that he did not know.
After closing on parcel "A," Tamecki purchased parcel "B" and placed it for sale. Danziger saw that parcel "B" was for sale and called Tamecki, who verbally offered to sell the parcel for $200,000 and Danziger accepted. During the call, Danziger offered to bring a deposit that night and Tamecki told her to bring it the next day. The next day, Danziger called Tamecki from her lawyer's office, Keith Grumer, and Tamecki said he wanted $220,000 and not $200,000 for the parcel.
Keith Grumer filed a complaint against Tamecki on behalf of Danziger for damages arising out of an oral contract for the sale of real property, specifically alleging breach of the oral contract (count I); specific performance of the oral contract (count II); fraud (count III); violation of the Florida Deceptive and Unfair Trade Practices Act (count IV); and conversion (count V). Count V was based on an allegation that prior to the sale of parcel "A," Tamecki suggested to a tenant of the parcel to reduce the rent due Danziger after the closing of the parcel and then split the difference between them.
In response, Tamecki filed a motion to dismiss and a motion for award of attorney's fees.
After a hearing, the trial court deferred ruling on the motion to dismiss for Danziger to file an amended complaint. Danziger filed an amended complaint, submitting additional facts to avoid dismissal. Tamecki filed a motion to dismiss the amended complaint and another motion for award of attorney's fees. The trial court granted the motion to dismiss as to count I and denied it as to the other counts. Tamecki then filed a motion for summary judgment.
After another hearing, the trial court granted the motion for summary judgment, finding that Tamecki was not liable to Danziger. The trial court also issued a Final Judgment Awarding Attorney's Fees and Costs to Tamecki.
The sole issue in this case is whether the trial court erred in failing to enter judgment for attorney's fees pursuant to section 57.105, Florida Statutes (2006), against both appellant and appellant's prior counsel, Keith Grumer.
Danziger argues that the trial court abused its discretion in failing to enter judgment for attorney's fees under section 57.105 against both herself and her counsel, Keith Grumer. Grumer knew or should have known that the facts did not support Danziger's claims. Furthermore, even though the trial court found that Grumer's attempt to avoid the Statute of Frauds by asserting the "Judicial Admissions Exception" was disingenuous, it failed to enter judgment against Grumer.
Danziger was represented by Keith Grumer at the trial court level and initially at the appellate stage until her current attorney Edward J. Jennings took over the representation of her. Danziger admits that the trial court did not err in entering summary judgment or the award of attorney's fees, except that it should have found that Grumer is also liable for the attorney's fees.
The evidence supports a finding that Danziger, as well as Grumer, knew or should have known that their claims were not supported by material facts. In Danziger's amended complaint, Grumer alleged that "Danziger commenced performance of the oral agreement by delivering the escrow check to her counsel and commencing preparation of a written contract." *696 However, Grumer was present during the telephone conversation in which Tamecki raised the asking price for parcel "A" and Danziger testified in her deposition that she never gave Grumer a check and that he never prepared an agreement.
Section 57.105(1) specifies when a losing party's attorney is responsible for attorney fees:
(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.
However, the losing party's attorney is not personally responsible if he or she has acted in good faith, based on the representations of his or her client as to the existence of those material facts. If the court awards attorney's fees to a claimant pursuant to this subsection, the court shall also award prejudgment interest.
§ 57.105(1), Fla. Stat. (2006) (emphasis supplied). The statute "mandates a court to award fees to the prevailing party in equal amounts to be paid by the losing party and the losing party's attorney." De Vaux v. Westwood Baptist Church, 953 So.2d 677, 684 (Fla. 1st DCA 2007); Smith v. Gore, 933 So.2d 567, 568 (Fla. 1st DCA 2006) ("We again remind the bar that section 57.105 expressly states courts `shall' assess attorney's fees for bringing, or failing to timely dismiss, baseless claims or defenses.").
Tamecki's motion for attorney's fees sought fees against both Danziger and Danziger's attorney, Grumer, specifically alleging:
That at the time of the filing of the aforesaid Complaint and the Lis Pendens, the Plaintiff and the Plaintiff's attorney knew or should have known that the causes of action asserted in the allegations contained therein were not supported by material facts and not supported by application of the then existing wrong to those material facts.
(Emphasis supplied).
In the Final Judgment Awarding Attorney's Fees and Costs, the trial court found:
At the Defendant's hearing on the motion for summary judgment, the Plaintiff asserted the doctrine of judicial admissions as an exception to the Florida Statute of Frauds. The Court rejects the Plaintiff's argument and the evidence does not support that there was a good faith attempt by Plaintiff to create new law.

(Emphasis supplied).
The Final Judgment Awarding Attorney's Fees and Costs found only Danziger as being liable for attorney's fees. It also dismisses any good faith argument against the award of fees, but does not specify that Danziger's attorney is also liable for a portion of the fees. Based on the foregoing, we hold the trial court erred in not awarding attorney's fees "to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney" pursuant to section 57.105(1), Florida Statutes.
We accordingly reverse and remand with directions to the trial court to enter *697 an amended final judgment in accordance with this opinion.
Reversed and Remanded with Directions.
TAYLOR, J., and LEVIN, STEVEN J., Associate Judge, concur.