ON MOTION FOR ATTORNEY’S FEES AND MOTION TO WITHDRAW AS COUNSEL

PER CURIAM.
We previously affirmed the order appealed from in this case and now write to address Appellee’s, The Florida Fish and Wildlife Conservation Commission (FWC), motion for attorney’s fees under section 57.105(1), Florida Statutes (2010), and the motion of Robert Augustus Harper III to withdraw as counsel for Appellants. For the reasons explained below, FWC’s motion is granted to the extent it requests fees under section 57.105(l)(b) only, and Mr. Harper Ill’s motion to withdraw as counsel is denied.
This appeal arose from a final order dismissing a complaint for failure to state a cause of action. The original complaint challenged an executive order issued by FWC. During the pendency of the complaint, the challenged executive order was superseded by an administrative rule, rendering the issue raised by the complaint moot. FWC moved to dismiss for this reason, among others. The circuit court granted the motion to dismiss without prejudice, allowing Appellants thirty days to amend. After thirty days passed and no amended complaint was filed, the circuit court issued a final order of dismissal. Appellants then sought review in this court, filing an initial brief that failed to acknowledge the mootness issue or the fact that they had not taken advantage of their opportunity to amend. After FWC raised these points in the answer brief, Appellants failed to reply, and they continued to ignore these points, which were again raised in the motion for attorney’s fees, after we ordered them to show cause why the motion should not be granted.
Section 57.105(1) provides as follows:
*1001 Upon the court’s initiative or motion of any party, the court shall award a reasonable attorney’s fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party’s attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.
(emphasis added). We have the authority to award fees under this section when an attorney files a frivolous appeal. Waddington v. Baptist Med. Ctr. of the Beaches, Inc., 78 So.3d 114, 116 (Fla. 1st DCA 2012). An appeal is frivolous if it “is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification, or reversal of existing law.” See Visoly v. Sec. Pac. Credit Corp., 768 So.2d 482, 491 (Fla. 3d DCA 2000). Based on the facts we have recited above, Appellants’ attorneys knew or should have known that this appeal meets this standard.
We do not approve the request of Mr. Harper III to withdraw as counsel because his motion was filed after the merits of the appeal had already been determined, when the only task left to accomplish in the appeal was to respond to our order to show cause why fees should not be awarded under section 57.105. Although Mr. Harper III states that he has had no involvement in this appeal “with the exception of signing a single pleading at the request of his then-employer,” our docket indicates otherwise. We also reject the suggestion that such involvement is insignificant. Under Florida Rule of Judicial Administration 2.515, “[t]he signature of an attorney shall constitute a certificate by the attorney that the attorney has read the pleading or other paper” and “that to the best of the attorney’s knowledge, information, and belief there is good ground to support it.” An attorney effects an appearance on behalf of a party when he or she “serv[es] and fil[es], on behalf of a party, the party’s first pleading or paper in the proceeding.” Fla. R. Jud. Admin. 2.505(e)(1). In this case, Mr. Harper III signed the notice of appeal by hand. At the time the notice of appeal was signed, the frivolous nature of this appeal was already apparent. Additionally, the electronic signature of Mr. Harper III was affixed to every document that was filed with this Court in this case up until the filing of the motion to withdraw as counsel. Due to the apparent participation in this appeal by Mr. Harper III and the timing of his motion to withdraw as counsel, we deny the approval required by Florida Rule of Appellate Procedure 9.440(b).
Based on our ruling on FWC’s motion for attorney’s fees, this case is remanded to the trial court to determine the amount of attorney’s fees FWC reasonably incurred in this appeal under the terms of section 57.105. Because our decision is based on the lack of legal, rather than factual, merit, only Appellants’ attorneys shall be responsible for paying this award. See § 57.105(3)(c).
DAVIS, THOMAS, and RAY, JJ., concur.