ORDER IMPOSING SANCTIONS ON BRIARWOOD CAPITAL, LLC AND NICOLAS MARSCH III, AND THEIR COUNSEL

SHEPHERD, C.J.
On September 7, 2012, in conjunction with the denial of Briarwood Capital, LLC’s Petition for Writ of Prohibition on the merits, this court sua sponte ordered the petitioners and their counsel to show cause why they should not be sanctioned for filing a frivolous petition. Having reviewed the response, the court finds the petition to be frivolous and remands this case to the trial court for the award of a reasonable attorney fee, including prejudgment interest, to be paid one-half by the petitioners and one-half by Keith T. Grumer, Esquire, and Jason N. Goldman, Esquire, to the respondents, Lennar Corporation and Lennar Homes of California, *292 Inc., for their defense of the petition and necessary participation in this proceeding.
This case arises out of an action filed in September 2008 by Lennar Corporation and Lennar Homes of California, Inc. against Barry Marsch III and his affiliated company, Briarwood Capital, LLC (the Marsch defendants), and Barry Minkow and his affiliated company, the Fraud Discovery Institute (the Minkow defendants), seeking damages for engaging in a scheme of extortion, and other fraudulent and wrongful conduct arising principally from the manipulation of the public stock price of Lennar Corporation. On June 29, 2012, Keith T. Grumer, Esquire, of the law firm of Grumer and Macaluso, P.A., succeeded to the representation of the Marsch defendants, assisted by law firm associate Jason N. Goldman, Esquire.[1]
Soon after their appearance in this case, counsel for the Marsch defendants learned of a Stipulated Final Judgment between the Minkow defendants and the Lennar plaintiffs in the sum of $588,573,600. In the stipulated facts, the Minkow defendants expressly implicated the Marsch defendants in the scheme. The Marsch defendants had no participation in the stipulation and apparently did not know of the Final Judgment themselves until after it was entered. Nevertheless, the Marsch defendants, through the Grumer law firm, moved to dismiss the action against them for lack of subject matter jurisdiction on the ground the Final Judgment did not expressly reserve jurisdiction in the Lennar plaintiffs to proceed against the Marsch defendants.
After the trial court correctly denied the motion to dismiss — see Cunningham v. Standard Guar. Ins. Co., 630 So.2d 179, 181 (Fla.1994) (citing Lovett v. Lovett, 93 Fla. 611, 112 So. 768 (1927) (advising subject matter jurisdiction concerns a court’s power to deal with a class of cases to which a particular case belongs, not an individual case)); Godfrey v. Reliance Wholesale, Inc., 68 So.3d 930, 932 (Fla. 3d DCA 2011) (“Subject matter jurisdiction ‘means no more than the power lawfully existing to hear and determine a cause.’ ”) (quoting Malone v. Meres, 91 Fla. 709, 725, 109 So. 677, 683 (1926)) — the Marsch defendants filed a petition for the issuance of a writ of prohibition to the circuit court on the same ground. The petition was frivolous. See JP Morgan Chase Bank, N.A. v. Hernandez, 99 So.3d 508, 513 (Fla. 3d DCA 2011) (citing Visoly v. Sec. Pac. Credit Corp., 768 So.2d 482, 491 (Fla. 3d DCA 2000) (defining as frivolous an appeal that presents no justiciable issue and is so devoid of merit on the face of the record that there is little prospect that it will ever proceed)).
It is axiomatic that a final judgment that resolves claims as to one or more defendants does not adjudicate *293 claims against co-defendants who are not mentioned in the final judgment. See, e.g., Marks v. Wertalka, 475 So.2d 273, 274 n. 4 (Fla. 3d DCA 1985) (stating defendants whose names were omitted from final judgment entered pursuant to settlement remained in lawsuit); Walker v. Santa Rosa Island Auth., 689 So.2d 281, 282-83 (Fla. 1st DCA 1996) (concluding defendants not mentioned in final judgment remained in the lawsuit). Moreover, the Stipulated Final Judgment states the Min-kow defendants stipulated to final judgment only on the First, Third, Fourth, and Fifth Counts of the operative complaint. Excluded from the Stipulated Final Judgment is Count II for intentional interference with contractual and economic relations asserted solely “[ajgainst the Marsch parties.” The existence of that count alone defeats the Marsch parties’ jurisdictional argument in this case. See Mang v. Country Comfort Inn, Inc., 559 So.2d 672, 673 (Fla. 3d DCA 1990) (concluding count not adjudicated in trial court’s order remains for disposition by the trial court); In re Guardianship of Thomas, 353 So.2d 666, 666 (Fla. 1st DCA 1978) (affirming judgment and holding that crossclaim and third-party claim not mentioned in or adjudicated by judgment on appeal could be considered by the trial court).
Finally, it is plain the position articulated by the Marsch defendants in this case was made in bad faith. The trial court expressly ruled in the Stipulated Final Judgment that: “Nothing in the paragraphs above shall be deemed to release any individual or entity other than the Minkow Defendants.” Marsch counsels’ failure to mention or address this provision in their Petition is inexplicable.[2] See Freedom Commerce Ctr. Venture v. Ranson, 823 So.2d 817, 822 (Fla. 1st DCA 2002) (concluding tactical and improper use of facts constitutes bad faith warranting an award of attorney fees as a sanction).
This is not the first time lead counsel, Keith T. Grumer, Esquire, has been sanctioned for a frivolous filing in the courts of this state. See Danziger v. Alternative Legal, Inc., 987 So.2d 694, 695 (Fla. 4th DCA 2008) (stating Grumer and his clients “knew or should have known that their claims were not supported by material facts”). For this reason, we order the clerk of the court to forward a copy of this opinion and this court’s file to The Florida Bar for consideration of such disciplinary proceedings as might be appropriate con *294 cerning Keith T. Grumer, Esquire, and Jason N. Goldman, Esquire.
Remanded for proceedings in compliance with this opinion.

. Both Mr. Grumer and Mr. Goldman signed the Petition for Writ of Prohibition in this case. See Fla. R. Jud. Admin. 2.515(a) ("The signature of an attorney shall constitute a certificate by the attorney that the attorney has read the pleading or other document” and "that to the best of the attorney’s knowledge, information, and belief there is good ground to support it.”); see also Fla. Houndsmen Ass’n v. State, -So.3d -, 2012 WL 2018848 *1, *1 (Fla. 1st DCA June 6, 2012) (rejecting counsel's suggestion that signing a single pleading is insignificant). We pause to bring to the attention of young lawyers Rule 4-5.2 of the Rules Regulating the Florida Bar, which states "[a] lawyer is bound by the Rules of Professional Conduct notwithstanding that the lawyer acted at the direction of another person.” See also Jay v. Mahaffey, 218 Cal.App.4th 1522, 161 Cal.Rptr.3d 700 (2013) ("[E]very attorney admitted to practice in this state has independent duties that are not reduced or eliminated because a superior has directed a certain course of action.”).

. The Marsch attorneys engaged in the same legerdemain before the trial court. In an attempt to write the Marsch defendants into the Stipulated Final Judgment against the Minkow defendants, the Marsch attorneys declared to the trial court (and to this court as well) that the judgment stated:
IT IS ADJUDGED that Plaintiffs ... recover jointly and severally from Defendants ... for which sum let execution issue.
As Lennar pointed out in its Response in Opposition to the Petition, the Minkow Judgment actually reads:
IT IS ADJUDGED that plaintiffs Lennar Corporation and Lennar homes of California, Inc., 700 Northwest 107th Avenue, Miami, Florida 33172, recover jointly and severally from defendants Barry Minkow, present address unknown, and Fraud Discovery Institute, Inc., 9770 Carroll Center Road, Suite F, San Diego, California, 92126, the sum of $583,573,600 with costs in the sum of $0, making for a total of $583,573,600, that shall bear interest at the legal rate, for which sum let execution issue.
(emphasis added).
This patently false assertion by Marsch counsel is antithetical to the ethical obligation lawyers with the privilege to pass before the bar to address a court have to the judges before whom they appear. Marsch counsel might as well have cast a dagger into the heart of the rule of law. See R. Regulating Fla. Bar 4-3.3(a)(1) ("A lawyer shall not knowingly ... make a false statement of fact or law to a tribunal....”).