# Third District Court of Appeal

## State of Florida

Opinion filed October 15, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D13-2415; 3D13-2845
Lower Tribunal No. 10-9804

_____

**John C. Nordt,**
Appellant,

vs.

**Karen A. Nordt,**
Appellee.

Appeals from a Non Final Order from the Circuit Court for Miami-Dade County, Scott M. Bernstein, Judge.

Bruce B. Baldwin, for appellant.

Sandy T. Fox and Daniel H. Kent (Aventura), for appellee.

Before ROTHENBERG, SALTER and FERNANDEZ, JJ.

PER CURIAM.

John C. Nordt appeals a non-final order compelling arbitration. We affirm the trial court's order and write only to address the imposition of section

57.105.(1), Florida Statutes (2010) [1], fees against John C. Nordt and his counsel, Bruce B. Baldwin, Esq.

Upon this Court's initiative, we ordered John C. Nordt and his counsel to show cause why sanctions should not be imposed and fees awarded to the appellee, Karen A. Nordt, pursuant to section 57.105(1). Nordt responded, and this Court has considered the response.

We conclude that sanctions should be imposed on Nordt and his counsel pursuant to section 57.105(1), because his appeal of the order presented no justiciable question and was on its face devoid of merit. See Florida Houndsmen Ass'n, Inc. v. State, Fish and Wildlife Conservation Comm'n, 134 So. 3d 999 (Fla. 1st DCA 2012); Waddington v. Baptist Med. Ctr. of Beaches, Inc., 78 So. 3d 114 (Fla. 1st DCA 2012); Visoly v. Security Pac. Credit Corp., 768 So. 2d 482 (Fla. 3d DCA 2000).

---

[1] § 57.105(1) provides as follows:

Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of hen-existing law to those material facts.

2

Accordingly, Karen A. Nordt's appellate attorney's fees shall be paid, in equal shares, by John C. Nordt and his counsel, Bruce B. Baldwin, Esq. On remand, the trial court shall determine the amount of the fee.

Affirmed and remanded for further proceedings consistent with this opinion.

John C. Nordt v. Karen A. Nordt
Case Nos. 3D13-2415 & 3D13-2845

ROTHENBERG, J. (concurring).

I write this concurring opinion solely to provide a written reminder to counsel for the appellant of his obligations under the Rules of Professional Conduct and as an officer of the Court. Specifically, counsel for the appellant is directed to Rule 4-3.1, Meritorious Claims and Contentions, and Rule 4-3.3, Candor Toward the Tribunal, of the Rules Regulating the Florida Bar.

The issue in this appeal is whether the trial court erred by compelling arbitration between John Nordt, the appellant, and his former attorneys ["the law firm"] for the fees incurred by the law firm for the services provided following dissolution of Nordt's marriage. The written retainer agreement executed by Nordt in 2010 clearly contains an arbitration clause specifying that "[a]ny disputes relating to the quality of representation, fees and costs or any other issues pertaining to our representation . . . shall be arbitrated." The agreement further provides that the "retainer agreement contains the entire understanding of the parties and may not be varied or modified unless in writing signed by the party to be charged with such change or modification." Since the arbitration clause was clear and unambiguous and there has never been a dispute over the non-existence of any written modification, the "issue" of whether the retainer agreement required Nordt to arbitrate the attorney's fees dispute should have been a **non-issue**.

If the frivolousness of Nordt's claim was the only problem in this appeal, I

4

would have simply imposed (providing my panel colleagues agreed) 57.105 fees without issuing this concurring opinion. What troubles me most is appellant's counsel's lack of candor to this Court and his failure to admit to the error of his argument and failure to apologize to the Court when confronted by his omission of the clear, unequivocal, and dispositive evidence contrary to his position before the Court.

Specifically, counsel for the appellant argued that the arbitration clause in the retainer agreement did not apply to the attorney fee dispute between Nordt and the law firm. In support of this claim, attorney for the appellant referenced a paragraph in the retainer agreement that broadly provides for binding arbitration for "[a]ny controversy or claim arising out of or relating to this retainer agreement or the breach thereof or performance or breach of performance by [the law firm] in their representation of you . . . ."

Counsel for the appellant argued that this language pertained only to claims Nordt might have brought against the law firm, not the law firm's claim for outstanding attorney's fees it claims Nordt owes the law firm. While this argument is in itself meritless, counsel for the appellant failed to disclose the subsequent paragraph in the very same retainer agreement that specifically dealt with all disputes over the law firm's representation of Nordt and the law firm's fees. The omitted paragraph states:

5

Any disputes relating to the quality of representation, fees and costs or any other issues pertaining to our representation of you shall be governed by the terms of this agreement and shall be arbitrated by a matrimonial attorney, from Miami-Dade County, certified by the American Academy of Matrimonial Lawyers as a matrimonial arbitrator. This Agreement contains provisions requiring Arbitration of fee disputes.

When confronted with this omission, counsel for the appellant exhibited no surprise, made no apology, conceded no error, and boldly continued to profess the correctness of his position.

Rule 4-3.1 specifies that "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous . . . ." Rule 4-3.3 requires candor toward the tribunal and provides:

(a) **False Evidence; Duty to Disclose**. A layer shall not knowingly;
(1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;
(2) fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client;
. . . .
(4) offer evidence that the lawyer knows to be false. . . .

Counsel for the appellant is required to follow these rules, and his reputation and livelihood depend on a consistent application of the minimum standards that these rules represent and which govern our noble profession.

6