PER CURIAM.
John C. Nordt appeals a non-final order compelling arbitration. We affirm the trial court’s order and write only to address the imposition of section 57.105.(1), Florida Statutes (2010) [1], fees against John C. Nordt and his counsel, Bruce B. Baldwin, Esq.
Upon this Court’s initiative, we ordered John C. Nordt and his counsel to show cause why sanctions should not be imposed and fees awarded to the appellee, Karen A. Nordt, pursuant to section 57.105(1). Nordt responded, and this Court has considered the response.
We conclude that sanctions should be imposed on Nordt and his counsel pursuant to section 57.105(1), because his appeal of the order presented no justiciable question and was on its face devoid of merit. See Florida Houndsmen Ass’n, Inc. v. State, Fish and Wildlife Conservation Comm’n, 134 So.3d 999 (Fla. 1st DCA 2012); Waddington v. Baptist Med. Ctr. of Beaches, Inc., 78 So.3d 114 (Fla. 1st DCA 2012); Visoly v. Security Pac. Credit Corp., 768 So.2d 482 (Fla. 3d DCA 2000).
Accordingly, Karen A. Nordt’s appellate attorney’s fees shall be paid, in equal shares, by John C. Nordt and his counsel, Bruce B. Baldwin, Esq. On remand, the trial court shall determine the amount of the fee.
Affirmed and remanded for further proceedings consistent with this opinion.

. § 57.105(1) provides as follows:
Upon the court's initiative or motion of any party, the court shall award a reasonable attorney’s fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing'party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of hen-existing law to those material facts.