# Third District Court of Appeal

## State of Florida

Opinion filed July 15, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-837
Lower Tribunal No. 11-32851
_____

## Barnsdale Holdings, LLC,

Appellant,

vs.

## PHH Mortgage Corporation, et al.,

Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Ice Appellate, and Thomas Erskine Ice and Amanda Lundergan (Royal Palm Beach), for appellant.

Gladstone Law Group, P.A., and Jason F. Joseph and Allen S. Katz (Boca Raton), for appellees.

Before SHEPHERD, SALTER and LOGUE, JJ.

PER CURIAM.

Affirmed.

Shepherd, J., concurring.

I concur in the unelaborated, per curiam affirmance of this appeal, and write only to state that I would also issue an order to Thomas Erskine Ice, counsel of record for the appellant, Barnsdale Holdings, LLC, to show cause why he should not be sanctioned pursuant to 57.105(1)(b) of the Florida Statutes for maintaining a frivolous appeal in this case.[1]  This court has defined an appeal to be frivolous when "it presents no justiciable question and is so devoid of merit on the face of the record that there is little prospect it will ever succeed."  Visoly v. Sec. Pac. Credit Corp., 768 So. 2d 482, 490-91 (Fla. 3d DCA 2000).  The appeal prosecuted by Thomas Erskine Ice in this case meets the definition.

Barnsdale Holdings, LLC, is a non-party that acquired an interest to the subject property **after** a lis pendens was recorded in the underlying suit.  The law is well settled that a person in Barnsdale Holdings' position is a "stranger to the

---

[1] Although an associate in Mr. Ice's office signed the notice of appeal and appeared for oral argument, Mr. Ice's signature appears on the substantive written materials filed by the Ice Law Firm, the Initial Brief and Reply Brief filed on behalf of Barnsdale Holdings in the case.  However, associates working under supervision of another lawyer are not immune from being held responsible for participation in a frivolous appeal.  See Rules Regulating the Florida Bar, Rule 4-5.2 ("A lawyer is bound by the Rules of Professional Conduct notwithstanding that the lawyer acted at the direction of another person."); see also Briarwood Capital v. Lennar Corp., 125 So. 3d 291, 292, (Fla. 3d DCA 2013) (holding an associate working under supervision to be responsible nevertheless for the prosecution of a frivolous appeal).  In this case, I would issue the show cause order only to Mr. Ice.

record" and must file a motion to intervene within 30 days of the lis pendens recording or be barred. See Portfolio Invs. Corp. v. Deutsche Bank Nat'l Trust Co., 81 So. 3d 534, 536 (Fla. 3d DCA 2012); Barnett v. Barnett, 705 So. 2d 63, 64 (Fla. 4th DCA 1997) (holding that a bank had no standing to appeal since it failed to intervene and was a non-party in the proceeding below); see also § 48.23(1)(d), Fla. Stat. (2014). Intervention was Barnsdale Holdings' only available avenue of lawful entry into this case, yet it did not timely pursue this path. Unable to pursue this avenue, counsel for Barnsdale Holdings argued that Barnsdale Holdings is an "unknown defendant" named in the complaint. This argument is contradicted by the plain language of section 49.08 of the Florida Statutes, which defines and limits "unknown defendants" to "parties **having** or **claiming** to have any right, title or interest in the property herein described." (emphasis added).

Barnsdale Holdings had no interest in the property in this case at the time the foreclosure action was filed and the lis pendens recorded. To allow a party to file pleadings as an "unknown defendant" despite having no interest in the subject property at the time the suit began and obtaining interest to the subject property only after the filing of a lis pendens, would render the intervention rule meaningless. The mere existence of the rules requiring intervention should have been sufficient to guide the Appellant below, and counsel's failure to either grasp

3

or adhere to the simplicity of this procedure does not excuse the baseless nature of this appeal.

Absent a showing of good cause, I would at least require Thomas Erskine Ice to reimburse Barnsdale Holdings for the fees it paid to his law firm for taking this entirely unmeritorious appeal.