# Third District Court of Appeal

## State of Florida

Opinion filed December 16, 2015.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D13-2990
Lower Tribunal No. 09-604

————————

## Nationstar Mortgage, LLC,
Appellant,

vs.

## Jacqueline Marquez, et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Marvin H. Gillman, Senior Judge.

Akerman LLP and Nancy M. Wallace and Thomas A. Range (Tallahassee), and William P. Heller (Fort Lauderdale), for appellant.

Jessica A. Less, for appellees.

Before SHEPHERD, SALTER and LOGUE, JJ.

SHEPHERD, J.

Nationstar Mortgage, LLC, appeals an adverse final judgment entered after an involuntary dismissal in foreclosure proceedings. We reverse and remand for entry of judgment in favor of Nationstar.

In 2007, Jacqueline Marquez executed a promissory note and mortgage in favor of Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for the lender, Lehman Brothers Bank. Ms. Marquez failed to make payments on the mortgage beginning in May of 2008. In September of 2008, MERS assigned the note and mortgage to Aurora Loan Services, Inc., and Aurora filed the instant action to foreclose the mortgage on January 5, 2009. Aurora's complaint included a count to re-establish a lost note. On March 23, 2009, Ms. Marquez responded by filing a motion to dismiss and an answer, affirmative defenses and a counterclaim; the motion to dismiss challenged Aurora's standing to foreclose on the mortgage. Subsequently, the mortgage and note were assigned to Nationstar, which was substituted as plaintiff in the action.

The case proceeded to a bench trial on March 30, 2013, at which time Nationstar presented the testimony of its employee, Sean Chibnik. Mr. Chibnik was familiar with the account, having reviewed the records prepared in the ordinary course of business by Nationstar's predecessors. Mr. Chibnik testified that, although he was unaware of the circumstances regarding the loss of the note, the note was in possession of the bank when it was lost, the loss of possession was

2

not the result of a transfer by the bank or a lawful seizure, and no other entity or individual attempted to enforce the note.  A copy of the note, showing a blank endorsement by Lehman Brothers, was admitted into evidence.  Copies of the mortgage, default letter and payment history were similarly admitted into evidence, with Ms. Marquez objecting only to the sufficiency of the evidence regarding the mailing of the default letter.  Near the end of Nationstar's case, the following transpired:

> MS. LESS [Attorney for Ms. Marquez]:  I would like to request . . . that the language be added specifically to any proposed final judgment referenc[ing] . . . the [bankruptcy] order of discharge ….
>
> THE COURT:  Is that the only objection you have?
>
> MS. LESS: Yes, your Honor.
>
> THE COURT:  You have no objections to the establishment of the lost note?
>
> MS. LESS: Your Honor – yes, Your Honor, we would move that Plaintiff hasn't proven their case, that their corporate representative today has no correct knowledge of the ordinary course of business and is familiar enough with the file, just having reviewed the file a week ago to know properly that – to reestablish the lost note.
>
> MR. TOWNSEND [Attorney for Nationstar]: Your Honor, there is no standard in law or in a Statute as to what would represent proper knowledge.
> ….
>
> If the witness can prove that he has the proper knowledge of the matter, then that's the only standard that's required, not whether he reviewed it a day before or a week before or a month before or a year before.

THE COURT: I don't think that's the thrust of the objection.
Counsel, are you familiar with Florida Statute 702.015 as amended by the 2013 Legislature?

There followed a discussion about the statutory amendment and Yang v. Sebastian Lakes Condominium Association, Inc., 123 So. 3d 617 (Fla. 4th DCA 2013). Based on this authority, the trial court determined the plaintiff did not meet its burden in re-establishing the note and entered a final judgment in favor of the defendants.[1]  For the reasons which follow, we reverse and remand for entry of judgment in favor of Nationstar.

To establish standing to foreclose on a mortgage and note, a plaintiff must demonstrate it is the owner of the note and mortgage and that it acquired such ownership prior to filing the action.  McLean v. JP Morgan Chase Bank Nat. Ass'n, 79 So. 3d 170 (Fla. 4th DCA 2012).  Ownership may be proven by an "uncontradicted chain of self-authenticating assignments."  Bank of New York Trust Co. v. Rodgers, 79 So. 3d 108 (Fla. 3d DCA 2012).  Where the plaintiff is not in possession of the original documents, it is still entitled to enforce the instrument if:

---

[1] Since entry of the final judgment in this action, a separate foreclosure action instituted by Pebblebrook II Homeowners Association, Inc., proceeded to judgment.  At the judicial sale in that foreclosure action, the property was sold to a third party, who has filed a notice of appearance in this appeal.  This third party did not intervene in the instant action and is not a party in this appeal.  See Barnsdale Holdings, LLC v. PHH Mortg. Corp., 40 Fla. L. Weekly D1630 (Fla. 3d DCA 2015) (Shepherd, J, concurring).

4

(a) [it] was entitled to enforce the instrument when loss of possession occurred . . . ; (b) The loss of possession was not the result of a transfer by [it] or a lawful seizure; and (c) [it] cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found ….

§ 673.3091, Fla. Stat. (2013).

In this case, Nationstar established its standing to foreclose on the note and mortgage through documentary and witness testimony. Mr. Chibnik identified the mortgage and a copy of the note, with a blank endorsement, found in Nationstar's records, and without objection the trial court admitted the documents into evidence. The trial court also admitted the default letter, over counsel's objection, directed solely to insufficient proof the letter was received by Ms. Marquez. Subsequently, again without objection, the trial court admitted the payment history on the account showing the last payment on the account was made April 2008. Moreover, Mr. Chibnik testified the note was lost while in possession of the bank and not as a result of a transfer or lawful seizure. No motion for involuntary dismissal was made by counsel for Ms. Marquez. In fact, counsel for both parties were discussing the form of final judgment to be entered in favor of Nationstar after counsel for Nationstar rested its case, when the trial court sua sponte questioned the evidence presented to establish the lost note.[2]

---

[2] A trial judge should rule on objections and motions made by counsel and never suggest or advise counsel how to try his or her case. See Shore Mariner Condo.

5

Apparently, the trial court believed the recent amendment to section 702.15 and the Yang case warranted involuntary dismissal in this case. The trial court was incorrect in both regards. Proof by affidavit attached to the complaint, as required under the 2013 amendment to section 673.3091, subsection (5), is inapplicable to this action which was filed in 2009. Fla. Laws c. 2013-137, § 8 ("[T]he Legislature finds that s. 702.015, Florida Statutes, as created by this act, applies to cases filed on or after July 1, 2013…."). Likewise, Yang does not support the ruling against Nationstar. Yang involved a foreclosure of a condominium lien where the condominium association attempted to prove the amounts owed by the homeowners through introduction of account ledgers authenticated by an employee of its new management company. Unlike Ms. Marquez, who never pointed to any inaccuracy in the records maintained by Nationstar's predecessors, the homeowners in Yang claimed an error in recordkeeping by the prior management company. They alleged the prior management company failed to credit a payment in retaliation for the homeowners' participation in an investigation into missing condo funds. On appeal, the Fourth District Court agreed with the homeowners that the association failed to prove the authenticity of the account ledgers because the new management company simply carried over the balance after the takeover

Assoc., Inc. v. Antonious, 722 So. 2d 247, 248 (Fla. 2d DCA 1998) ("Trial judges must studiously avoid the appearance of favoring one party in a lawsuit, and suggesting to counsel or a party how to proceed strategically constitutes a breach of this principle.").

6

and its employee could not testify as to the accuracy of that balance. Here, on the contrary, Mr. Chibnik testified he was familiar with Ms. Marquez' account which, prior to transfer, was kept by Aurora in the ordinary course of regularly conducted activity. See § 90.803(6), Fla. Stat. (2013); Bank of America, N.A. v. Delgado, 166 So. 3d 857 (Fla. 3d DCA 2015). The trial court admitted the account records, without objection, as to their accuracy. Moreover, Ms. Marquez voluntarily withdrew her affirmative defenses and counterclaim prior to trial.

Having satisfied the statutory requirements for establishing a lost note and admitting the bank's records demonstrating nonpayment, the trial court should have entered judgment in favor of Nationstar and against Ms. Marquez. We therefore reverse the final judgment entered in favor of Ms. Marquez, and remand for further proceedings in accordance with this opinion.